CARL REYNOLDS *v.* STATE OF TENNESSEE.

*(Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

JOHN W. HILLDROP, of Nashville, for plaintiff in error.

NAT TIPTON, Advocate General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Reynolds was indicted, tried and convicted for the homicide of one Thelma Smart. His conviction was for

second degree murder and he was sentenced to the penitentiary for not more than 20 years. A motion for new trial was duly filed and he has perfected his appeal. Argument has been heard and we now have the matter for determination.

We have filed herein an opinion dealing with the facts and other incidental questions. We do not deem it of any general interest or information to the Bar to publish this. We do think the question on venue should be published because of first impression in this State.

 Lastly it is argued that there is no proof of venue in the record. Venue, of course is a jurisdictional matter and need be proven only by the preponderance of the evidence. *Norris* v. *State,* 127 Tenn. 437, 155 S. W. 165. The State says that the only case that they can find on the question covering the facts herein is a Massachusetts case, that of *Commonwealth* v. *Knowlton,* 265 Mass. 382, 163 N. E. 251, 254. This case among other things holds that:

"Upon the question of jurisdiction there was evidence that the body of the deceased was found on the road, in Concord, within the county of Middlesex, and there was no other evidence offered as to where the homicide was committed. The finding of the body in Middlesex county was sufficient to give the court jurisdiction, and warrant the jury in concluding that the homicide was committed in that county. Commonwealth v. Costley, 118 Mass. 1, 26."

In the instant case all the proof shows that the body of deceased here was found in Wilson County. There is no proof to the contrary. We think that there must be a presumption that the crime was committed here, rebuttable in character, that the crime was committed where the body was found when there is no showing to the con-

trary. She was last seen alive in Wilson County. She died from a broken neck which apparently would keep her from wandering around any. Her body was found in Wilson County. All the territory between Lebanon and the location of her body lies in Wilson County and she was last seen in Lebanon. Her clothes were found in Wilson County. It seems to us that under these circumstances the jury was clearly warranted in finding that she was murdered in that County.

The judgment of the trial court must be affirmed for the reasons above set forth.