ROSIE LEE HOPSON

*v.*

STATE OF TENNESSEE

(*Nashville,* December Term, 1956.)

Opinion filed February 8, 1957.

Rehearing Denied March 8, 1957.

MARY GUIDI, Memphis, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This appeal is from a conviction of driving an automobile upon a public highway or street while under the influence of an intoxicant. Code, sec. 59-1031. The insistences made are (1) no evidence of *corpus delicti,* and (2) permitting evidence of an admission upon the part of plaintiff-in-error that she was driving before independent evidence tending to establish the *corpus delicti* had been introduced, and (3) failure to prove venue as alleged in the indictment.

Mrs. George Carter resides in a Federal Housing Project in Shelby County known as Lauderdale Courts. This project is located at the intersection of Alabama and

Winchester Streets, and her residence is a short distance from the curb of either street. She testified that near midnight on the evening in question she heard a very loud "racket or commotion" just outside her residence. She at once discovered this noise to have been caused by an automobile coming to rest immediately at her back door or window after colliding there with garbage cans, etc.

The basis upon which is rested the corpus delicti insistence is (1) a lack of evidence that this car had been driven from the street to the point where it struck these objects and then came to rest, and (2) lack of evidence that the person who was driving that automobile on this occasion was intoxicated.

This car had to be driven from some place to the point where it came to rest after striking the objects mentioned. The undisputed evidence is that the only place from which it was possible to so drive it was one of the two streets mentioned. Moreover, a policeman, who arrived not more than fifteen minutes after this collision, testified that an automobile track led from the wheel of this standing still automobile back 120 feet to Winchester Street.

Mrs. Carter said that she smelled the odor of an intoxicant upon the breath of the woman who alighted from the driver's seat immediately after the collision, and that this woman, judging from her conversation and speech, was, in the opinion of the witness, intoxicated. It was competent for the witness to express her opinion as to such condition of the woman she saw and observed. *Harris v. State,* 160 Tenn. 396, 25 S.W.2d 586.

There is evidence, therefore, that this car had been driven on this occasion on the street mentioned by a

woman who was intoxicated; hence, evidence of *corpus delicti*.

■ Mrs. Carter testified that shortly after the policeman arrived he directed to a group standing nearby an inquiry as to who was driving, and that plaintiff-in-error, Rosie Lee Hopson, thereupon stated that she, Rosie Lee Hopson, was driving. It is insisted that this testimony was not competent until after introduction of independent evidence sufficient to *prima facie* establish the *corpus delicti*.

While we do not think it would have been reversible error if Mrs. Carter's testimony with reference to this admission had preceded her testimony establishing *corpus delicti, Taylor v. State*, 191 Tenn. 670, 680, 235 S.W. 2d 818, it is, nevertheless, a fact that her testimony establishing the *corpus delicti* preceded her testimony as to the admission. Incidentally, the policeman in question likewise testified to like effect as to this admission and as to the intoxicated condition of Rosie Lee Hopson.

■ ■ It is next insisted, as we understand it, that the evidence is insufficient to support a conclusion that Rosie Lee Hopson was the person driving the car on this occasion. This insistence seems to be based on the fact that Mrs. Carter was unwilling to unequivocally say that the woman she saw get out of the car immediately after the collision was Rosie Lee Hopson, though she did say that in her opinion she was Rosie Lee Hopson. Moreover, the Court asked her this question:—"Are you sure, Mrs. Carter, that the woman who told the police she was the driver is the same woman you think you saw getting out of the car?" Her reply was "Yes, sir". The policeman testified that Rosie Lee Hopson is the woman who told him that she was driving.

■ The opinion of a non-expert witness as to the identity of a person whom that witness saw and observed is competent evidence. *Cumberland Telegraph & Telephone Co. v. Dooley,* 110 Tenn. 104, 109-110, 72 S.W. 457. So, the opinion of Mrs. Carter to the effect that the person she saw driving the automobile is the defendant, coupled with the testimony of the policeman that Rosie Lee Hopson admitted that she was the driver, is testimony of sufficient quantity and quality to support a conviction. Particularly is this true in the absence of any testimony to the contrary. No testimony was offered in behalf of the defendant.

■ The indictment alleged that Rosie Lee Hopson was driving the automobile "upon a public highway, to-wit, on a street in Memphis, Shelby County, Tennessee." It was established by the proof that the car was being driven on Winchester Street in Shelby County, but it was not expressly proved that this street is in Memphis. Based upon the absence of such express testimony, it is insisted that a new trial should be granted because the venue was not established, as alleged in the indictment. This insistence is ill advised for each of two reasons.

■ First, the undisputed testimony is that two officers of the "Memphis Police Department" charged with the duty of investigating accidents which occur in that city made an investigation of this accident within a few minutes after it occurred in response to a call from some one residing in Lauderdale Courts. This is a circumstance from which it may be reasonably inferred, certainly in the absence of proof to the contrary, that the accident occurred within the boundaries of Memphis. Venue may be established by a reasonable inference from proven

facts. *Maples v. State,* 50 Tenn. 408; *Gilliland v. State,* 187 Tenn. 592, 216 S.W.2d 323.

■ Second, venue is not an ingredient of a criminal offense. The only reason it is necessary to prove venue is to establish the fact that the Court trying the criminal case has jurisdiction. *Stinson v. State,* 181 Tenn. 172,. 178, 180 S.W.2d 883.

■ ■ The Court can take judicial knowledge of the fact that Memphis is in Shelby County. There is express evidence that this offense occurred in Shelby County. Since (1) the Trial Court had jurisdiction of any criminal offense occurring in Shelby County, and (2) the indictment alleged the offense occurred in that county, and the proof so established, it follows that the further allegation that it occurred in Memphis was mere surplusage.

The insistence which plaintiff-in-error seems to make is that an allegation in an indictment, which is surplusage, must be proved in order to avoid a reversal. The case of *Johnson v. State,* 148 Tenn. 196, 253 S.W. 963, 964, is heavily relied upon. The Court need go no further than that case to demonstrate the error, as a matter of law, of this insistence.

Perhaps, however, it should be noted first that in the Johnson case there was a variance, considered material, between the averment of the indictment and the proof. There is no variance in the case at bar between the allegations of the indictment and the proof. There was simply a failure to prove in so many words that this offense occurred in Memphis, a statement which, as we have seen, it was necessary to allege. In the Johnson case this Court said:

"In order to successfully meet the contention of the plaintiffs in error that they are entitled to a new trial because of this variance, it would be necessary to show that the matter of description which was not proven as laid in the indictment can be regarded as surplusage and therefore disregarded."

Since the allegation in re "Memphis" is clearly surplusage, it necessarily follows that an application of the above quoted rule in the Johnson case requires a rejection of plaintiff-in-error's venue insistence termed in her brief "*locus in quo*".

Affirmed.