EDWARD JUNIOR HARVEY

*v.*

STATE OF TENNESSEE.

376 S. W. 2d 497

(*Knoxville,* September Term, 1963.)

Opinion filed March 5, 1964.

MOORE, GEARINGER & SWAFFFORD, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Plaintiff in error, herein called defendant, was indicted in Hamilton County upon an indictment charging him, by different counts, with larceny of a Ford automobile, the property of Furlow-Cate, Inc.; receiving and concealing said automobile, knowing it to have been stolen; and with feloniously taking and using it without the owner's consent (T.C.A. sec. 59-504).

The jury found defendant guilty on the count for re-ceiving and concealing the car, and fixed his punishment at not more than three years' imprisonment. The Trial Judge accordingly entered judgment sentencing defend-ant for a term of not less, nor more, than three years in the penitentiary.

Defendant appealed in error and insists that the evi-dence preponderates against the verdict of guilt and in favor of his innocence, and that there is no proof of venue—no proof that the offense of which he stands con-victed was committed in Hamilton County.

The evidence for the State proved the Larceny was committed in Hamilton County. While in the possession of an employee of Furlow-Cate, Inc., this automobile was stolen from his driveway at his home in Red Bank in Hamilton County on or about May 25, 1962. On the next day the car was found somewhere, the proof not showing where. It had been stripped of most of its parts, including its motor, and what remained of it had been burned.

About two or three weeks later, this motor was found in Dunlap, Sequatchie County, Tennessee, by Lt. York of the Tennessee Bureau of Investigation. This motor was properly identified as the one that had been taken from the stolen car. When found, the motor had been installed in an automobile of Fletcher Lewis, an employee of the Dunlap Motor Company, a Ford dealer in Dunlap, Tennessee.

Called as a witness by the State, Fletcher Lewis testi-fied that he bought this motor from defendant for $300.00 cash on May 28, 1962. He said that defendant came to see him in Dunlap on Saturday May 26, they there made the

"deal," and on the next day Lewis and two companions, Gordon Hickey and Orville Lane, went somewhere "upon Daisy Mountain. toward Montlake" :to a house,. where they were met by defendant and two other persons. .

They then walked about 25 yards into the woods to a parked pickup truck, in the bed of which was the motor. They loaded the motor into Lewis' vehicle and he and his companions took it back to Dunlap. On the next day, he paid defendant for the motor in. Dunlap. Lewis could not locate the place where they went to get the motor, did not know whether it was in Sequatchie or: Hamilton County. Likewise, neither Hickey nor Lane could say whether that place was in Sequatchie .or Hamilton County.

Defendant testified in his own behalf and denied any connection with or knowledge of the stolen automobile or the motor. He denied that he had sold the motor to Fletcher Lewis or had had any dealings with Lewis. He also called a couple of other witnesses who testified he had a good character and was worthy of belief on his oath.

The burden was on the prosecution to prove that the offenses were committed in Hamilton County, as laid in the indictment. This has been the rule since the early common law and is embodied in the Constitution of our State:

"That in all criminal prosecutions, the accused hath the right to * * * a speedy public trial, by an impartial jury of *the County, in which the crime shall have been committed * * *.*" (Art. 1, Sec. 9). Italics ours. .

It is likewise a provision of our statute (T.C.A. sec. 40-104) :

612

"The local jurisdiction of all offenses, unless it is otherwise provided by law, is *in the county in which the offense was committed.*" Italics ours.

■■ Thus, the requirement of proof of the venue as laid is not only a constitutional right of the accused, but also a fact necessary to the jurisdiction of the court. Though venue is not an element of the offense which must be proved beyond a reasonable doubt, it is a jurisdictional fact which must be proved by a preponderance of the evidence. *Norris v. State,* 127 Tenn. 437, 155 S.W. 165; *State v. Tollett,* 173 Tenn. 447, 121 S.W.2d 525; *Reynolds v. State,* 199 Tenn. 349, 287 S.W.2d 15; *Kelly v. State,* 202 Tenn. 660, 308 S.W.2d 415.

■ Though there was evidence that defendant possessed and concealed the car at the place where it was delivered to Fletcher Lewis, there was no evidence that this place was within Hamilton County. There was no evidence, testimonial or circumstantial, from which the jury could find that defendant ever possessed and concealed the car in Hamilton County, as charged in the indictment. It is true that there was proof that the car had been stolen in Hamilton County; and that proof of possession of recently stolen goods gives rise to an inference that the possessor stole them. *Peek v. State,* 213 Tenn. 323, 375 S.W.2d 863.

■■ But there can be no such inference in the case before us because the verdict of the jury finding defendant guilty only upon the second count (receiving and concealing), operated as an acquittal upon the other two counts (*State v. Abernathy,* 153 Tenn. 441, 446, 284 S.W. 361, 362), thereby negativing any taking of the car by

him in Hamilton County. So there was no proof of venue as laid. The Attorney General concedes this is true.

It, therefore, results that the judgment of the Criminal Court of Hamilton County is reversed and the case is remanded for a new trial.