JAMES A. WRIGHT, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

451 S.W.2d 707.

Court of Criminal Appeals of Tennessee. Dec. 10, 1969.

Certiorari Denied by Supreme Court March 2, 1970.

Dan Garfinkle and William C. Wilson, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, James S. Kidd, Dist. Atty. Gen., Fayetteville, for defendant in error.

## OPINION

OLIVER, Judge.

James A. Wright, Jr., the defendant below, was convicted in the Circuit Court of Marshall County of receiving and concealing stolen property valued in excess of $100, and was sentenced to imprisonment for three years in the State Penitentiary. His motion for a new trial being overruled, he is in this Court upon appeal in the nature of a writ of error duly perfected.

The first count of the indictment charged the defendant with burglarizing the Chapel Hill Furniture Company in Marshall County with the intent to commit larceny, the second count charged that he then and there stole a television set and a record player, and the third count charged that he received and concealed those articles knowing them to have been stolen.

■ ■ By convicting the defendant of receiving and concealing stolen property under the third count of the indictment, the jury acquitted him of the burglary and larceny charged in the first and second counts. Franklin

v. State, 202 Tenn. 666, 308 S.W.2d 417. A special verdict of guilty on one count of an indictment is an acquittal on other counts not mentioned by the jury. French v. State, 159 Tenn. 451, 19 S.W.2d 276; State v. Abernathy, 153 Tenn. 441, 284 S.W. 361; Franklin v. State, supra; 5 Whartons' Criminal Law and Procedure, § 2129.

In one Assignment of Error the defendant asserts, as he did in his motion for a new trial, that his conviction of receiving and concealing stolen property was void because the proof showed that this offense, if committed at all, occurred in Davidson County rather than Marshall County. In our view, this question must be resolved in the defendant's favor and is determinative of this appeal.

This record shows without contradiction that the stolen property was found in the defendant's possession in Davidson County. Indeed, the trial judge so found in a memorandum opinion filed when he overruled the motion for a new trial.

Venue is not an ingredient of a criminal offense. The only reason it is necessary to prove venue is to establish the fact that the court trying the criminal case has jurisdiction. Hopson v. State, 201 Tenn. 337, 299 S.W.2d 11. In Kelly v. State, 202 Tenn. 660, 308 S.W. 2d 415, the Court said:

"Section 9, Article 1, of our Constitution provides for 'a speedy public trial, *by an impartial jury of the County in which the crime shall have been committed,* and shall not be compelled to give evidence against himself.' (Emphasis ours.)

"In State v. Denton, 46 Tenn. 539, it is held that a

prisoner's right to be tried in the county where the offense is alleged to have been committed is secured to him by the Constitution, and *'he cannot in any case be deprived of that right without his consent.'* In Franklin v. State, 64 Tenn. 613, it is said: 'The proof of venue *must not be left to inference or construction.'* (Emphasis supplied.)"

In Harvey v. State, 213 Tenn. 608, 376 S.W.2d 497, it is said:

"The burden was on the prosecution to prove that the offenses were committed in Hamilton County, as laid in the indictment. This has been the rule since the early common law and is embodied in the Constitution of our State:

'That in all criminal prosecutions, the accused hath the right to * * * a speedy public trial, by an impartial jury of *the County, in which the crime shall have been committed* * * *.' (Art. 1, Sec. 9). Italics ours.

"It is likewise a provision of our statute (T.C.A. sec. 40-104):

'The local jurisdiction of all offenses, unless it is otherwise provided by law, *is in the county in which the offense was committed.'* Italics ours.

"Thus, the requirement of proof of the venue as laid is not only a constitutional right of the accused, but also a fact necessary to the jurisdiction of the court. Though venue is not an element of the offense which must be proved beyond a reasonable doubt, it is a jurisdictional fact which must be proved by a prepon-

derance of the evidence. Norris v. State, 127 Tenn. 437, 155 S.W. 165; State v. Tollett, 173 Tenn. 447, 121 S.W.2d 525; Reynolds v. State, 199 Tenn. 349, 287 S.W.2d 15; Kelly v. State, 202 Tenn. 660, 308 S.W.2d 415."

■ Fraudulently receiving stolen property is a substantive felony under TCA § 39-4217, and the venue to try this offense is in the county where it was committed. Kessler v. State, 220 Tenn. 82, 414 S.W.2d 115; Jones v. State, 219 Tenn. 228, 409 S.W.2d 169.

■ Applying these principles to the record before us, there can be no question that the venue of the offense of receiving and concealing stolen property, of which the defendant was convicted, was not, and cannot be, in the Circuit Court of Marshall County. The ineludible consequence is that that court was wholly without jurisdiction of the subject matter, and the trial and conviction of the defendant in that court upon that charge was void.

The judgment of the trial court is reversed and the case is dismissed.

This case was heard and submitted before Judge Galbreath became a member of the Court, and prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., concurs.

GALBREATH, J., not participating.