**Denvil DANIEL, alias, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Oct. 12, 1972.

Certiorari Denied by Supreme Court
Jan. 2, 1973.

Conrad Finnell, Cleveland, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Earle G. Murphy, Asst. Dist. Atty. Gen., Cleveland, for defendant in error.

## OPINION

OLIVER, Judge.

Represented by retained counsel throughout, Daniel and a co-defendant, Roy Mack West, were convicted in the Criminal Court of Bradley County of concealing stolen property valued in excess of $100 and were sentenced to the minimum imprisonment of three years in the penitentiary. TCA § 39–4217. Daniel is now before this Court upon his duly-perfected appeal in the nature of a writ of error.

By his first three Assignments of Error the defendant assails his conviction upon the usual ground that the evidence is insufficient to warrant and sustain the verdict of the jury, his specific insistence being that the State presented no proof that he was ever in possession of the stolen goods in Bradley County. The principles to which we must adhere in reviewing a record when such Assignments are advanced have been enunciated so very many times by our Supreme Court and this Court that they are now common knowledge in the legal profession. The jury's verdict of guilt, approved by the trial judge, strips the defendant of the presumption of innocence, with which the law clothed him throughout his trial, and he stands before this Court presumed to be guilty and he has the burden here of demonstrating that the evidence preponderates against the verdict and in favor of his innocence. The verdict so approved accredits the testimony of the prosecution witnesses and establishes the State's theory of the case. We may review the evidence only to determine whether it preponderates against the verdict, and in doing so we are required to take the verdict as having established the credibility of the State's witnesses. The verdict may not be overturned on the facts unless the evidence clearly preponderates against it and in favor of the innocence of the accused. Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S.W.2d 799; Hancock v. State, 1 Tenn.Cr.App. 116, 430 S.W.2d 892; Morelock v. State, Tenn.Cr.App. 460 S.W.2d 861.

On February 7, 1971, a large quantity of cigarettes and cigars, some smoking tobacco and tea were stolen from the O. K. Jones Wholesale Grocery Company in Sweetwater, Monroe County, Tennessee. The cigars and cigarettes alone were valued at approximately $20,000. A company truck which was also stolen to haul the stolen merchandise away was found empty and abandoned at Riceville in McMinn County the following day. The next day, Federal, State and Bradley County law enforcement officers participated in a stakeout near the trailer of Manard Stiles in Bradley County. A U-Haul truck, followed by an early model multi-colored car bearing an Alabama license plate and occupied by several white men, passed the staked-out area several times. A county deputy sheriff, who observed the car in the daytime, identified two of the passengers in it as the defendant and his co-defendant West. That night the car pulled into a driveway opposite Stiles' trailer where an FBI agent was parked. After shining his headlights on the agent's car, this car backed out of the driveway and drove rapidly away. In the meantime the U-Haul truck had parked in the driveway next to the trailer. Inside the truck were found many cases of cigarettes which were later identified as being part of those stolen from the O. K. Jones Company. Tennessee Bureau of Identification examination of the recovered cigarette cases disclosed several of West's fingerprints and one which matched the print of the defendant's right middle finger. Neither West nor the defendant testified or presented any evidence.

From the foregoing resume of the material evidence, it scarcely needs to be added that the only evidence connecting the defendant with the stolen merchandise is that during the second day after the theft he was seen in Bradley County in an automobile following the truck which transported the stolen merchandise to that county, and a single fingerprint of his was found on one of the 96 cases of stolen cigarettes.

In Bennett v. State, 1 Tenn.Cr.App. 241, 435 S.W.2d 842, we quoted as follows from Williams v. State, 216 Tenn. 89, 390 S.W. 2d 234:

" 'The offense of receiving or concealing stolen property is codified as T.C.A. § 39-4217. The elements of the offense

are specified by the statute to be (1) fraudulently receiving, buying, concealing, or aiding in concealing, (2) goods feloniously taken or stolen from another, or goods obtained by robbery or burglary, (3) knowing such goods to have been so obtained, (4) with intent to deprive the owner thereof.'"

There is not a word of evidence in this record that this defendant had any possession of or exercised any control over or concealed or aided in concealing any part of the stolen merchandise in Bradley County. The record is silent as to when or where he left a single fingerprint on one case of the stolen cigarettes. Thus, the State wholly failed to prove that the defendant concealed or aided in concealing the stolen property in Bradley County, as charged in the indictment.

Manifestly, this total lack of essential proof that the defendant committed the crime charged in Bradley County also means, as the defendant contends, that venue was not established. In Wright v. State, 2 Tenn.Cr.App. 95, 451 S.W.2d 707, this Court reviewed the law with respect to venue in criminal cases:

"Venue is not an ingredient of a criminal offense. The only reason it is necessary to prove venue is to establish the fact that the court trying the criminal case has jurisdiction. Hopson v. State, 201 Tenn. 337, 299 S.W.2d 11. In Kelly v. State, 202 Tenn. 660, 308 S.W.2d 415, the Court said:

'Section 9, Article 1, of our Constitution provides for "a speedy public trial, *by an impartial jury of the County in which the crime shall have been committed,* and shall not be compelled to give evidence against himself." (Emphasis ours.)

'In State v. Denton, 46 Tenn. 539, it is held that a prisoner's right to be tried in the county where the offense is alleged to have been committed is se-

cured to him by the Constitution, and *"he cannot in any case be deprived of that right without his consent."* In Franklin v. State, 64 Tenn. 613, it is said: "The proof of venue *must not be left to inference or construction."* (Emphasis supplied.)'

"In Harvey v. State, 213 Tenn. 608, 376 S.W.2d 497, it is said:

'The burden was on the prosecution to prove that the offenses were committed in Hamilton County, as laid in the indictment. This has been the rule since the early common law and is embodied in the Constitution of our State:

"That in all criminal prosecutions, the accused hath the right to * * * a speedy public trial, by an impartial jury of *the County, in which the crime shall have been committed * * *."* (Art. 1, Sec. 9). Italics ours.

'It is likewise a provision of our statute (T.C.A. sec. 40–104):

"The local jurisdiction of all offenses, unless it is otherwise provided by law, *is in the county in which the offense was committed."* Italics ours.

'Thus, the requirement of proof of the venue as laid is not only a constitutional right of the accused, but also a fact necessary to the jurisdiction of the court. Though venue is not an element of the offense which must be proved beyond a reasonable doubt, it is a jurisdictional fact which must be proved by a preponderance of the evidence. Norris v. State, 127 Tenn. 437, 155 S.W. 165; State v. Tollett, 173 Tenn. 447, 121 S.W.2d 525; Reynolds v. State, 199 Tenn. 349, 287 S.W.2d 15; Kelly v. State, 202 Tenn. 660, 308 S.W.2d 415.'"

The remaining Assignment is wholly lacking in merit.

Reverse and remand for a new trial.

JOHN D. TEMPLETON, Special Judge, concurs.

RUSSELL, Judge (dissenting).

I must respectfully dissent. No venue question is directly involved in this case, because unquestionably the stolen goods were being concealed in Bradley County, so the crime was committed there. Whether or not the evidence is sufficient to support Daniel's guilt of that crime is the only question. I believe the evidence of the State, which is totally unrebutted, to be legally sufficient. Although basically circumstantial, I view the evidence to support no reasonable hypothesis except that of guilt, in view of Daniel's fingerprint upon the stolen merchandise. Circumstantially, he was one of those who loaded the stolen property onto the rented truck and accompanied it by automobile to Bradley County. He, in concert with others, was guilty of concealing stolen property in Bradley County. I would affirm the conviction.