**STATE of Tennessee, Appellee,**

v.

**Leon YOUNG, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

March 18, 1981.
Rehearing Denied April 8, 1981.

---

**662**

Lodge Evans, Elizabethton, for appellant.

William M. Leech, Jr., State Atty. Gen., William W. Hunt, III, Asst. State Atty. Gen., Nashville, Lynn W. Brown, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of first degree burglary and sentenced to serve not less than five (5) years nor more than ten (10) years in the penitentiary.

The defendant assigns ten issues on appeal, among which is a claim the State failed to prove venue in the county of prosecution.

We have examined all the assignments of error and find all but one to be without merit, including the claim of insufficiency of the evidence. The complaint the State failed to properly show venue in the county of prosecution we find has merit.

The judgment is reversed and the case remanded for a new trial.

The evidence, accepted by the jury, shows the defendant broke and entered an apartment in the nighttime with the intent to commit rape.

The only evidence of venue shows the offense occurred at 607 E. Watauga Avenue in Johnson City, Tennessee. There is no evidence the crime occurred in Washington County, Tennessee, or that 607 E. Watauga Avenue in Johnson City is in Washington County.

At the close of the State's proof, the defendant moved for a verdict of acquittal because of the failure of the State to prove venue. The trial judge took judicial notice Johnson City was in Washington County, and overruled the motion for a directed verdict of acquittal.

The issue of venue and its significance in criminal prosecutions is well set out in the opinion in *Wright v. State*, 2 Tenn.Cr.App. 95, 451 S.W.2d 707 (1969), a large portion of which is as follows:

Venue is not an ingredient of a criminal offense. The only reason it is necessary to prove venue is to establish the fact that the court trying the criminal case has jurisdiction. *Hopson v. State*, 201 Tenn. 337, 299 S.W.2d 11. In *Kelly v. State*, 202 Tenn. 660, 308 S.W.2d 415, the Court said:

"Section 9, Article 1, of our Constitution provides for 'a speedy public trial, *by an impartial jury of the County in which the crime shall have been committed*, and shall not be compelled to give evidence against himself.' (Emphasis ours.)

"In *State v. Denton*, 46 Tenn. 539, it is held that a prisoner's right to be tried in the county where the offense is alleged to have been committed is secured to him by the Constitution, and '*he cannot in any case be deprived of that right without his consent.*' In *Franklin v. State*, 64 Tenn. 613, it is said: 'The proof of venue *must not be left to inference or construction.*' (Emphasis supplied.)"

In *Harvey v. State*, 213 Tenn. 608, 376 S.W.2d 497, it is said:

"The burden was on the prosecution to prove that the offenses were committed in Hamilton County, as laid in the indictment. This has been the rule since the early common law and is embodied in the Constitution of our State:

'That in all criminal prosecutions, the accused hath the right to * * * a speedy public trial, by an impartial jury of *the County, in which the crime shall have been committed* * * *.' (Art. 1, Sec. 9). Italics ours.

"It is likewise a provision of our statute (T.C.A. sec. 40–104):

'The local jurisdiction of all offenses, unless it is otherwise provided by law, *is in the county in which the offense was committed.*' Italics ours.

"Thus, the requirement of proof of the venue as laid is not only a constitutional right of the accused, but also a fact necessary to the jurisdiction of the court. Though venue is not an element of the offense which must be proved beyond a reasonable doubt, it is a jurisdictional fact which must be proved by a preponderance of the evidence. *Norris v. State*, 127 Tenn. 437, 155 S.W. 165; *State v. Tollett*, 173 Tenn. 447, 121 S.W.2d 525; *Reynolds v. State*, 199 Tenn. 349, 287 S.W.2d 15; *Kelly v. State*, 202 Tenn. 660, 308 S.W.2d 415."

■ The judicial notice of the location of Johnson City within Washington County was, as the State concedes, erroneous for the purpose of this issue, because portions of Johnson City are located in Washington County and portions are located in Carter County.

In *Kelly v. State*, 202 Tenn. 660, 308 S.W.2d 415 (1957), our Supreme Court reversed a case where the only evidence of the location of the crime was in Bristol. The court noted that Bristol was located in both Virginia and Sullivan County, Tennessee. In resolving the issue the Court said:

The jury could only take notice of the "geographical fact" that half of the Town of Bristol is in Virginia and the other half in Sullivan County, Tennessee. The location of the Medical Pharmacy Center in a particular section of the city, the *locus in quo*, (necessary to establish venue), is not a "geographical fact" of which the jury was bound to take notice.

The State suggests the courts may take judicial notice of streets and cites *State v. Valentine*, 506 S.W.2d 406 (Mo.1974) in support thereof. We have examined this case and find the city in which the street was judicially noticed was implicitly within one county. As we pointed out, Johnson City is located in more than one county. Moreover, *Kelly* seems to strongly suggest the rule in *Valentine* is not the rule in Tennessee on judicial notice of streets. Especially, where the city in which the street is located reaches into more than one county.

■ We must, on the basis of the authorities above cited, find the State has failed to prove venue and we reverse the judgment of the trial court and remand the case for a new trial.

WALKER, P. J., and DWYER, J., concur.

OPINION ON PETITION TO REHEAR

BYERS, Judge.

The State has filed a petition to rehear in which they say the opinion of this Court misapprehended the facts in the record on the issue of venue.

In the trial of this case, the trial judge took judicial notice Johnson City was in Washington County. As we said in the original opinion, this was not sufficient to show venue because Johnson City is in two counties, and further, judicial notice of streets cannot be taken.

**664** ■■■■■■■■■■■■■■■■■■■■■■■■

In the hearing on the motion for a new trial, the trial judge stated all of the street where the offense occurred is in Washington County.[1]

■■■ This does not answer the problem. The taking of judicial notice of a fact is permitted because such fact noticed is so universally and commonly known as to carry its own indicia of correctness. Streets, absent unusual circumstances, do not meet the universal and common knowledge criterion for judicial notice. It is true, a judge might know a street to be in a particular location. However, the judge's knowledge of such, if not a matter commonly and universally known, does not qualify such fact to receive judicial notice.

■■■ Beyond this, the taking of judicial notice is a substitute for the necessity of evidence to prove a fact. The fact, once judicially noticed, is for the jury to consider in determining the issues in a case.

 Venue is a question for the jury to determine from the evidence in the case. The judicial notice of a fact, even if the fact noticed qualified therefor, at a new trial motion does not supply the factual deficiency of venue upon which the jury acted.

The petition to rehear is denied.

WALKER, P. J., and DWYER, J., concur.

---

1. The transcript of the motion for a new trial was not filed with the record in this case when originally received by the Court.