# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

FILED

February 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9704-CR-00161** |
| | ) | |
| Appellee, | ) | |
| | ) | **ROANE COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. E. EUGENE EBLEN, JUDGE** |
| **JAMES A. DANIEL,** | ) | |
| | ) | |
| Appellant. | ) | **(DUI)** |


FOR THE APPELLANT:

**CHARLES B. HILL**
P.O. Box 852
Kingston, TN 37763

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**SANDY C. PATRICK**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**CHARLES E. HAWK**
District Attorney General

**DENNIS W. HUMPHREY**
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, James A. Daniel, was convicted of DUI first offense following a jury trial in the Criminal Court of Roane County. In his appeal as of right, Defendant presents three issues: (1) the evidence was insufficient to support a conviction for DUI; (2) his right to due process was violated when police officers failed to obtain a blood alcohol test of Defendant at a time when he was incapable of submitting to a breathalyzer test and had not refused to take a test to determine his blood alcohol content; and (3) the trial court erred by not dismissing the indictment because it was filed after expiration of the statute of limitations. After a full review of the issues presented, we affirm the judgment of the trial court.

From the record, it is apparent that no stenographic report, or other transcript of the evidence was available, and that Defendant's counsel filed a statement of the evidence within ninety (90) days of the filing of the notice of appeal pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. In its brief, the State argues that Defendant failed to comply with all of the provisions of Rule 24(c) of the Tennessee Rules of Appellate Procedure. Specifically, the State correctly points out that Defendant did not submit a "short and plain declaration of the issues" intended to be presented on appeal along with notice of the filing of the statement of evidence. In addition, the State correctly points out that the statement of the evidence is not properly certified as accurate by either the Defendant or his counsel as required by Rule 24(c). The record does indicate that a copy of the statement of evidence was served upon the district attorney's office. The district attorney did not raise any objection as to these technical requirements of Rule 24(c) of the Tennessee Rules of Appellate Procedure and did not submit any objections

to the statement of the evidence. Under the particular circumstances of this case, we suspend, pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, the requirements of a declaration of the issues to be presented and certification of the statement of evidence by Defendant or his counsel.

## SUFFICIENCY OF THE EVIDENCE

According to the record submitted by Defendant, on October 9, 1993, Jeffrey W. Seiber was stopped at a traffic control light at the intersection of Roane and Walden Streets in Harriman, Tennessee when his vehicle was struck in the rear by a vehicle operated by Defendant. After the accident, he smelled alcohol on the person of the Defendant and noticed that the police officer had to assist Defendant getting into the patrol car. He observed what appeared to be a "fifth" of some type of alcoholic beverage in the Defendant's vehicle, even though he could not identify what was inside the bottle. The accident occurred next to the Harriman City Hospital.

Officer Chuck Moore of the Harriman Police Department arrived at the scene of the accident at approximately 5:00 p.m. Officer Moore got the Defendant out of the vehicle and discovered Defendant to be in such a condition that he could not conduct any field sobriety tests. The Defendant had a smell of alcohol about him and was incoherent in his speech. Officer Moore concluded that the Defendant was intoxicated. Defendant was not offered a breathalyzer test at the Roane County Jail because of his condition.

The Defendant testified in his own behalf and maintained that he had not been drinking any alcoholic beverages on the day of the accident. He claimed that his brakes had failed, and that he had had problems with the brakes on this vehicle prior to the accident. He claimed that his hands hit the windshield, one elbow and his knees hit the dash, and his head hit the steering wheel. Defendant remembered nothing else until he again became conscious in the drunk tank of the county jail. Defendant testified that the "fifth" liquor bottle actually contained antifreeze. Defendant admitted that he had been convicted of felonies several years prior to the wreck.

Ray Hawk, a mechanic in Harriman testified that he remembered the Defendant and his vehicle and recalled that the Defendant had problems with the brakes on this car. Hawk attempted to fix the brakes but he was not sure if his work had been successful. Brian Kittrell testified that he was with Defendant most of the day of the accident. Defendant had left Kittrell's house just shortly before the accident. Kittrell testified that the Defendant did not drink any alcoholic beverages and was sober when he left Kittrell's home.

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court

reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

The Defendant correctly points out that there was no proof of him failing any field sobriety tests, or of his blood alcohol content. He also notes that the State failed to produce the "fifth" liquor bottle during its case in chief. Defendant argues that in light of this and the fact that he submitted proof contrary to the State's theory, that there is insufficient evidence to support the conviction. We disagree.

The offense of driving under the influence of an intoxicant can be established beyond a reasonable doubt by circumstantial evidence. State v. Harless, 607 S.W.2d 492, 493-94 (Tenn. Crim. App. 1980). Likewise, it is not necessary for the State to submit proof of a blood or chemical breath test to prove the blood alcohol content of the Defendant in order to sustain a conviction. State v. Gilbert, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). Furthermore, even a non-expert witness who smells the odor of an intoxicant upon a defendant who has been operating a vehicle on the public highways can give opinion evidence as to the

intoxication of the defendant.  See Hopson v. State, 201 Tenn. 337, 299 S.W.2d 11, 13 (Tenn. 1957).  In the light most favorable to the State, the evidence shows that in an intoxicated condition, and in possession of an alcoholic beverage in his vehicle, the Defendant drove his car into the rear of the victim's automobile which was stopped in traffic on a public street.  This issue is without merit.

VIOLATION OF DUE PROCESS

The Defendant argues that his constitutional rights to due process of law were violated by the Harriman City Police because he was not taken to the hospital which was approximately thirty-five (35) yards away from the scene of the accident to have a blood alcohol test performed.  The record on appeal reflects that a breathalyzer test was not given to Defendant because the officer concluded that Defendant was in no condition to submit to the test.  Furthermore, the officer testified that he did not want to take the Defendant to the hospital for a blood alcohol test because it would result in "too much paperwork."

Defendant does not argue that he had a statutory right to a blood alcohol test pursuant to Tennessee Code Annotated section 55-10-410(e). Defendant would not be entitled to a test under the provisions of this statute because the State had not procured a sample of his blood for testing.  See Tenn. Code Ann. § 55-10-410(a).

Regarding Defendant's due process claim, this Court has previously cited Scarborough v. State, 261 So.2d 475 (Miss. 1972) with approval as to the conditions which must be shown to prove a deprivation of due process when a

defendant is not allowed to submit to a blood alcohol test.  In <u>State v. Bernell B.</u>

<u>Lawson</u>, No. 63, Cumberland County (Tenn. Crim. App., Knoxville, May 23, 1991),

this Court noted the four conditions as follows:

> (1)    A timely request for testing at defendant's own expense;
>
> (2)    The defendant's cooperation to the extent that officers may conduct the examination safely for all concerned;
>
> (3)    The immediate availability of test facilities and personnel at a reasonably accessible location; and
>
> (4)    Refusal of the officers to honor the request for testing by the defendant, counsel, or other representatives.

<u>Id</u>. at 3.


In the case <u>sub</u> <u>judice</u>, there is nothing in the record to indicate that

Defendant made a request for testing at his own expense, or that the police officers

refused to honor a request for blood alcohol testing.


The record does not reflect that Defendant's right to due process was

violated.  Furthermore, the court in <u>Lawson</u> noted that even if a request for blood

alcohol testing is denied, a remedy would not necessarily be dismissal of the charge.

<u>Id</u>. at 4.  Our Court surmised that suppression of the results of a blood alcohol test

by the State would probably satisfy due process considerations in most instances.

<u>Id</u>.  As in <u>Lawson</u>, there was no evidence of blood alcohol testing by the State in

Defendant's case, and therefore this issue is without merit.


### STATUTE OF LIMITATIONS

The Defendant argues that the indictment charging him with DUI shows on its face that it was brought outside the applicable one year statute of limitations for misdemeanor charges. A pro se motion was filed by Defendant during a period of time when he was represented by counsel, which can, at best, be loosely construed as a motion to dismiss based upon expiration of the statute of limitations. However, the statement of evidence filed by the Defendant reflects that Defendant did not present a motion to dismiss the indictment on the statute of limitations issue until after the trial had begun and the jury had been selected. In a criminal trial, a defense based upon expiration of the statute of limitations must be raised prior to trial or it is untimely. State v. Hill, 623 S.W.2d 293, 295 (Tenn. Crim. App. 1981); Tenn. R. Crim. P. 12(b). The term "prior to trial" means sometime earlier than the day of trial. State v. Aucoin, 756 S.W.2d 705, 709 (Tenn. Crim. App. 1988); State v. Roberts, 755 S.W.2d 833, 837 (Tenn. Crim. App. 1988); State v. Kinner, 701 S.W.2d 224, 227 (Tenn. Crim. App. 1985). The motion was therefore untimely, and this issue is without merit.

The judgment of the trial court is accordingly affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
DAVID G. HAYES, Judge