# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 13, 2010 Session

## STATE OF TENNESSEE v. JOHN N. MOFFITT

**Direct Appeal from the Circuit Court for Henderson County**
**No. 09-041-1      Roy B. Morgan, Jr., Judge**

**No. W2009-02286-CCA-R3-CD  - Filed December 15, 2010**

The *pro se* defendant, John N. Moffitt, was convicted of one count of driving under the influence (DUI), a Class A misdemeanor.  He was sentenced to eleven months and twenty-nine days, suspended to probation after seven days of incarceration.  On appeal, he argues that the evidence was insufficient to support his convictions and that the trial court erred when it allowed an officer to commit perjury and in refusing the defendant's request to play the surveillance disc from the hospital.  He also argues that it was error for the State laboratory to destroy his blood sample before he filed a motion for independent testing.  After review, we conclude that no error exists and affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

John N. Moffitt, Lexington, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was arrested on suspicion of driving under the influence in the early morning hours of August 24, 2008, after police received a report from a truck driver that the defendant's vehicle was driving in the center lane of the highway.  A Lexington police officer testified that he intercepted the defendant's vehicle and ascertained that it was the same vehicle reported by the truck driver.  He followed the vehicle and observed that it crossed the center line and then crossed the white fog line several times.  The videotape from

the patrol car camera was played for the jury and depicted the defendant crossing the centerline, driving on top of or crossing the white fog line on several instances, and stopping at a stop sign with the front of the car in the lane of oncoming traffic.

The defendant performed poorly on a field sobriety test and was unable to perform walk and turn tests due to a leg problem. The videotape shows that he had difficulty with the other field sobriety tests, including following the officer's finger with his eyes, a finger counting test, and counting backward from fifty-four to forty-one. A sheriff's deputy first transported the defendant to the Henderson County Sheriff's Office and then to the hospital. They were unable to perform a breathalyser test because the machine was inoperable. The defendant's blood was drawn at the hospital and submitted to the Tennessee Bureau of Investigation laboratory for testing. The defendant's blood sample showed a blood alcohol level of 0.25.

Analysis

On appeal, the defendant raises four issues for review. First, he argues that the evidence was insufficient to support his convictions. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with

a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

Tennessee Code Annotated section 55-10-401 provides that:

(a)     It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises that is generally frequented by the public at large, while:

    (2)     The alcohol concentration in the person's blood or breath is eight-hundredths of one percent (.08 %) or more.

T.C.A. § 55-10-401(a)(2) (2008)

The defendant's argument that the evidence was insufficient to support his conviction centers on his theory that the arresting officer offered perjured testimony regarding his presence at the drawing of the defendant's blood in the hospital. As stated in *Grace*, a guilty verdict by the jury accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. The defendant had the opportunity at trial to cross-examine the witness at trial. The jury deemed the officer's testimony to be credible and found the defendant guilty. Further, the record supports the conclusion that the defendant was driving under the influence at the time he was stopped by law enforcement. The videotape from the patrol car showed the defendant crossing the center line and driving on top of and over the white line. It also showed that as the defendant stopped at a stop sign, the front of his automobile was in the lane of oncoming traffic. He performed poorly on the field sobriety tests administered by the arresting officer, and his blood alcohol level was .25. This court has previously concluded that a proper blood alcohol test administered at a reasonable time after the defendant has been driving, which reflects a blood alcohol content of .10% or higher, constitutes circumstantial evidence upon which the trier of fact may, but is not required to, convict the defendant of DUI. *State v. Greenwood*, 115 S.W.3d 527, 532-533 (Tenn. Crim. App. 2003). The legal blood alcohol content while driving has been lowered since *Greenwood*. The proof of the defendant's blood alcohol level at the time he was tested was more than sufficient to support his conviction for DUI *per se.*

Next, the defendant contends that the State relied on perjured testimony by the arresting officer in obtaining the indictment and in its proof at trial. The State argues, and we agree, that the defendant is not entitled to relief because there has been no finding that the officer lied under oath. In order to prevail on a claim that the State failed to correct false

testimony, the defendant must prove the following by a preponderance of the evidence that: (a) false or perjured testimony was admitted at trial; (b) the State either knowingly used such testimony or knowingly allowed it to go uncorrected; and (c) the testimony was material and deprived him of a fair trial. *State v. Ricky Terrell Cox*, No. W2007-01371-CCA-R3-CD, 2009 Tenn. Crim. App. LEXIS 126, at *35 (Tenn. Crim. App. Feb. 19, 2009) (quoting *Roger Morris Bell v. State*, No. 03C01-9210-CR-00364, 1995 Tenn. Crim. App. LEXIS 221, at *25 (Tenn. Crim. App. at Knoxville, Mar. 15, 1995)). The defendant must demonstrate that the perjured testimony actually prejudiced him or affected the grand jury's charging decision. *State v. Charles Raymond Sanders*, No. M2000-03083-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 756, at *32 (Tenn. Crim. App. at Nashville, Aug. 30, 2002).

Here, there had been no finding that the arresting officer committed perjury. In denying the defendant's motion for new trial, the trial court specifically accredited the testimony of the arresting officer and the evidence supporting the defendant's conviction. The evidence only shows a disparity in the recollection of the two officers who took the defendant into custody. The defendant had a problem with his back and was transported by a member of the Henderson County Sheriff's office. The arresting officer was a member of the Lexington Police Department. The arresting officer testified that he was present when the defendant's blood was drawn and that he took the sample from the nurse. The Sheriff's deputy testified that he did not recall if the arresting officer was in the room at the time the blood was drawn. The deputy did ultimately testify that if the arresting officer's signature was on the blood draw request form, he would have been present and would have taken control of the blood, pursuant to protocol. The nurse who drew the blood testified that she would have turned over control of the blood sample to the arresting officer within a few minutes of taking the sample. The defendant has failed to show that the arresting officer committed perjury. The physical proof supports this finding. Therefore, the defendant is not entitled to relief on this issue.

Next, the defendant argues that the trial court erred in denying his request to play the hospital security videotape of the entrance to the hospital. The videotape is not included in the record; therefore, this court is unable to review the videotape's content. The defendant sought to play the surveillance camera footage during the testimony of the nurse that drew his blood. He obtained the footage on the morning of trial. The State objected on grounds of authentication because there was no personnel from the hospital to authenticate the footage. The defendant stated that he received the videotape pursuant to his subpoena. The trial court dismissed the jury and viewed the videotape footage but held that because there were no cameras in the blood drawing room, the videotape only showed who transported him to the hospital. That the deputy transported him was not an issue, and the State stipulated to that fact.

A trial court's ruling excluding evidence may not be challenged on appeal unless the substance of the evidence and its evidentiary basis supporting admission are presented to the trial court by an offer of proof or were apparent from the context. Tenn. R. Evid. 103(a)(2); *State v. Robinson*, 73 S.W.3d 136, 150 (Tenn. Crim. App. 2001). The offer of proof must demonstrate the substance, purpose, and relevance of the excluded evidence so the trial court may make an informed ruling. *Alley v. State*, 882 S.W.2d 810, 815 (Tenn. Crim. App. 1994). An offer of proof also creates a record from which the appellate court can review the trial court's decision. *State v. Goad*, 707 S.W.2d 846, 852-53 (Tenn. 1986). If the excluded evidence is not contained in, or apparent from, the record, the appellate court will not consider the issue. *State v. Robinson*, 971 S.W.2d 30, 40 (Tenn. Crim. App. 1997). Because the videotape is not available for this court to review, the defendant is not entitled to relief.

Next, the defendant argues that the trial court erred in denying his motion to dismiss the indictment pursuant to *State v. Ferguson*, 2 S.W.3d 912 (Tenn. 1999), based on the destruction of the sample of his drawn blood. The State contends that the trial court properly determined that the defendant had ample time to test the blood sample prior to its destruction. We agree.

The Tennessee Supreme Court concluded that the Tennessee Constitution required that the failure of the State to preserve evidence which could be favorable to the defendant must be evaluated in the context of the entire record. *Ferguson*, 2 S.W.3d at 916-17. Whatever duty the Constitution imposes on the States to preserve evidence must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed and must be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id.* If the proof demonstrates the existence of a duty to preserve and further shows that the State has failed in that duty, the analysis moves to a consideration of several factors which should guide the decision regarding the consequences of the breach. Those factors include:

1. The degree of negligence involved;

2. The significance of the destroyed evidence, considered in light of the probative value and reliability of secondary or substitute evidence that remains available; and

3. The sufficiency of the other evidence used at trial to support the conviction.

*Ferguson*, 2 S.W.3d at 917. If consideration of these factors reveals that a trial without the

missing evidence would be fundamentally unfair, the trial court may dismiss the charges, provide a special jury instruction, or take steps necessary to protect the defendant's right to a fair trial. *Id.*

The record reflects that the defendant was advised during his preliminary hearing on February 2, 2009, that the results of his blood test revealed an alcohol level of 0.24. At that time, the defendant had the blood test results which stated that the sample would be destroyed after sixty days. The grand jury returned an indictment concerning the defendant on June 15, 2009. The defendant did not file a motion for independent testing of the blood sample until ten days before his August 27, 2009 trial. The court held a hearing on the motion and found that the TBI report stated that the sample would be destroyed after sixty days. The TBI preserved the sample until April 1, 2009, which was longer than sixty days but before the defendant requested independent testing. The defendant's motion alleged, without supporting proof, that the alcohol content of the blood would increase during the period of time it was stored. Specifically, he contended that because it took nine days for the laboratory to receive the blood sample and nineteen days to test it, the accuracy of the blood alcohol level was in question. The trial court concluded that granting the defendant's motion would not dispose of his case because the State could proceed to trial on Count One of the indictment charging the defendant with DUI, which may be established solely by circumstantial evidence. *Hopson v. State*, 299 S.W.2d 11 (1957).

This court has previously held that the State is not required to preserve blood samples taken for the limited purpose of blood alcohol testing. *State v. Gilbert*, 751 S.W.2d 454, 460 (Tenn. Crim. App. 1988). This court has also previously addressed the defendant's claim in *State v. Gary C. Bullington*, No. M2005-02227-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 495, at **13-15 (Tenn. Crim. App. at Nashville, June 27, 2006). Like the defendant in *Bullington*, the defendant failed to show that his right to a fair trial was violated by the destruction of the sample. The defendant waited until ten days before trial to request the testing. The defendant has not made a showing that the State acted in bad faith. Further, there was substantial evidence of the defendant's guilt. Therefore, the defendant is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE