Deaderick, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted, by a jury, in the Circuit Court of Haywood county, of larceny, and sentenced to the penitentiary for the term of five years, and judgment was pronounced accordingly.
The only error insisted upon is, that the court below should have quashed the indictment upon the motion of defendant, or have arrested the judgment.
The objection taken is, that no time is specified in the indictment, at which the offense was committed. The only allegation of the time of the commission of the offense is, “on the - day of-, 1870.”
"We do not consider this a sufficient allegation according to the rules of the common law; nor is it in compliance with section 5124 of the Code, which materially modified the law as previously recognized in this State.
We are of opinion that, by sectiou 5124 of the Code, it was intended to declare that it was not necessary to state the true date at which an offense was committed, when time was not a material ingredient in the offense, but that it was necessary to state some day *151 before the finding of the indictment, or that the indictment should allege that the offense was committed before the finaing thereof.
So that no change is made by .this section in the law as it has always existed in Tennessee, except the one, of very questionable propriety, allowing the general allegation that the offense was committed “before the finding of the indictment,” to be substituted for the allegation that it was committed on a particular day.
It is not an insensible or irrational requirement of the common law, that a day certain, should be alleged in the indictment as the time of the perpetration of the offense.
If it be conceded that it is illusory so far as it purports to notify the defendant of the real time of the commission of the offense, it is nevertheless of practical utility in giving him an opportunity, by motion, to quash, or by demurrer,[1] to free himself from vexatious litigation and the State from • needless costs, whenever, from the time stated on the face of the indictment, of the commission of the offense, it appears that the prosecution is barred by the statute of limitations.
It is argued by the Attorney General, that it must be necessarily inferred, from the terms of the indictment, when it charges that defendant “'did feloniously steal, take and carry away a certain bale of lint cotton,” &c., that the felony was committed before the finding *152 thereof, that the language clearly implies that the act charged was done before the indictment was found.[1]
This is certainly a correct grammatical construction of the language employed in the indictment.
But we can not see that this construction relieves the difficulty.
In effect and meaning, the statute says you may dispense with the allegation that the offense was committed on a particular day, by alleging that the offense was committed before the finding of the indictment.
And we hold, that, in such case, it must be alleged in the indictment, as a substantive fact, that the offense was committed before the finding thereof, and not be left to be inferred from other independent facts charged, or reasoned out by construction.
It is surely no more difficult to follow forms or rules sanctioned by long usage, and approved by the experience of eminent jurists, than to devise new ones in their stead, and this we have no authority to do.
"While improvements upon the rules of practice, and upon the law itself, should not be rejected simply because they are innovations; on the other hand, innovations upon established systems ought to be adopted cautiously, and only when they are manifestly improvements.
It is very easy for a District Attorney, with reason *153 able attention to bis duties, to frame bis indictments correctly.
If, however, from inattention or other cause, he fails to allege in bis indictment or presentment, a specific day on which the offense was committed, and also fails to specifically allege that the offense “was committed before the finding of the indictment/' the indictment can not be sustained by construction, inference or intendment, but must be held bad at common law and under our Slate law.
It follows, that the court below erred in refusing to quash the indictment. The motion to quash, in our practice, being a substitute for demurrer,[1] the judgment must therefore be arrested, and the prisoner must be remanded to the Circuit Court of Haywood county, to be held to answer the charges against him, upon a sufficient indictment.
The State will pay the costs of this prosecution, which have accrued on behalf of the State.

 But this point is decided otherwise: State v. Bowling, 10 Hum., 52.

 This does not accurately state the Attorney General’s position. It was, that an allegation in the indictment, that the defendant “did,” was an express averment that it was done before the time of the indictment, and not a mere inference. If he “did it,” he did it before that time — not in the future, but in the past.

 It is held otherwise in Jones v. State, 6 Hum., 435, 437; and in State v. Willis, 3 Head., 157. See also Jetton v. State, Meigs, 192, and Henslie v. State, post; also, State v Jones, 5 Ala., 666,