THE STATE v. JOHNSON ET AL.

1. **Criminal Law**: TIME OF OFFENSE: INSTRUCTION. An instruction in a criminal case under which the jury might have found the defendant guilty, if he committed the offense after the information was filed against him, was erroneous, and, in the absence of the evidence, must be presumed to have been prejudicial, where there was a verdict of guilty.

*Appeal from Kossuth District Court.*

THURSDAY, OCTOBER 21.

AN information was filed against the defendants before a justice of the peace, in which they were accused of the crime of selling intoxicating liquors, contrary to law. There were twenty counts in the information, each count charging a separate offense. The defendants were convicted on thirteen counts, and judgment was entered against them, imposing a fine upon each count on which they were convicted. From that judgment they appealed to the district court. On the trial in that court they were again convicted on each of said counts, and a like judgment was entered against them, and from that judgment they appeal to this court.

*H. S. Vaughn* and *P. O. Cassady*, for appellants.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The information was filed with the justice on the ninth of February, 1885. The district court instructed the jury that the state was not required to prove that the offenses were committed on the particular dates alleged in the information, but that they would be warranted in convicting the defendants if they found that they had made the sales charged in the information at any time between the fourth day of July, 1884, and the ninth day of March, 1885. It is provided by section 4301 of the Code, that "the precise time at which the offense was committed need not be stated in the indictment, but it is sufficient if it be alleged that the offense was committed at any time prior to the time of the finding thereof, except when the time is a material ingredient of the offense;" and, when it is averred in the indictment that the offense was committed on a particular date, the state is permitted (except in cases falling within the exceptions mentioned in the section) to prove its commission on that or any other date before the finding of the indictment, within the time prescribed by the statute of limitations within which an indictment for the offense may be found. *State v. Bell,* 49 Iowa, 440. And these same rules govern when the prosecution is by information. Each count of the information in which the defendants were tried charged a sale of liquor to a particular person named in the count. Under the instruction, the jury would be warranted in finding the defendant's guilt on proof of sales of liquors to any of the persons named between the ninth of February and the ninth of March. The evidence is not contained in the abstract on which the case was submitted, and we are bound to presume that it was based on the evidence. The instruction is erroneous, in that it would permit a conviction for an offense committed after the prosecution was commenced, and, in the absence of the evidence, we must presume that the error was prejudicial.

The judgment will be        REVERSED.