## STATE OF IOWA V. W. B. ARNOLD, Appellant.

**Liquor Nuisance:** EVIDENCE. On a trial for maintaining an hotel as a liquor nuisance, after proof of illegal sale in the hotel, evidence of similar sales in barns and buildings appurtenant to the hotel, is admissible.

CONCLUSIONS. A witness may say, that he supposes defendant was in control of a barn, in connection with a statement, that defendant kept his horses in the barn, and was in control of an hotel on the same premises.

SAME: *Plea and proof.* The fact, that an indictment for maintaining a liquor nuisance, specifies the time of such maintenance and the illegal sales thereunder, does not preclude evidence of other illegal sales, made prior to the time specified in the indictment, and within the three-year period of limitation for the finding of the indictment.

VENUE. The objection, on a trial for keeping a liquor nuisance, that the evidence does not show that it was maintained within the county alleged, cannot be sustained where there was evidence in the record as to its location relative to the county seat, which would require the jury to find that it was located within the county.

WITNESS: *Indorsement on indictment.* A mere misnomer in respect to the Christian name of a witness indorsed on the indictment, will not prevent his use by the state, where his identity sufficiently appears from the facts.

98   253
98   679
98   253
f109  100
98   253
116   223

**Appeal:** ATTORNEY FEES. An attorney's fee of sixty dollars, allowed by the court in a criminal case, under McClain's Code, section 2388, authorizing "a reasonable attorney's fee to be assessed by the court," will not, on appeal, be held excessive, in the absence of any evidence.

*Appeal from Dickinson District Court.*—HON. W. B. QUARTON, Judge.

## FRIDAY, MAY 15, 1896.

THE defendant was indicted for keeping and maintaining a nuisance by the sale of intoxicating liquors. He pleaded not guilty. A trial was had, which resulted in a verdict against him, and from a judgment on the verdict he appeals.—*Affirmed.*

*J. W. Cory* for appellant.

*Milton Remley,* attorney general, and *L. E. Francis,* county attorney, for the state.

ROTHROCK, C. J.—I. It is averred in the indictment that, "the defendant, on the first day of August, 1893, * * * and on divers other days and times, between the first day of August, 1893, and the finding of this indictment, * * * did erect, establish, and continue and use a building, erection, and place, with intent and for the purpose then and there and therein to sell intoxicating liquor, contrary to law. * * *" It is urged in behalf of the appellant, that the time laid in the indictment as beginning on the first day of August, 1893, is descriptive of the offense, and that it was error to allow any evidence of sales of liquor prior to that time, and within three years from the finding of the indictment. This question has been so frequently decided by this court contrary to counsel's contention, that it is unnecessary

to cite the numerous cases. But see *State v. Johnson*, 69 Iowa, 623 (29 N. W. Rep. 754).

II. It is contended that the indictment charges a particular place where the alleged nuisance was maintained. The indictment does not locate the place only in a general way, and as being situated in Dickinson county. It is not charged that the offense was committed in a building on a certain lot, particularly described. It therefore does not come within the rule contended for by the counsel for appellant,—that when the place is described with unnecessary particularity, the evidence must correspond with the indictment. This question demands no further consideration.

III. It appears that the defendant was proprietor of an hotel situated on Lake Okoboji, in Dickinson county. There was an hotel and other buildings appurtenant thereto, such as an ice house, a barn, and other structures. The state proved one or more sales of intoxicating liquors in the hotel building, and evidence was introduced tending to show sales in the barn and elsewhere on the premises. It is claimed that all the evidence with reference to sales in the appurtenant buildings was improperly allowed to be introduced. This point is not well taken. It was strictly correct to introduce evidence to show where the defendant had his base of supplies. *State v. Illsley*, 81 Iowa, 49 (46 N. W. Rep. 977).

IV. Counsel for defendant reviews the testimony of the witnesses, and urges that the evidence does not support the verdict, and that the court made erroneous rulings in admitting evidence. To all this we have to say, that the evidence is amply sufficient to sustain the verdict. The objections to the testimony of certain of the witnesses relate to the proof of keeping and selling liquor in the appurtenant buildings and places. The main contention is that the court erroneously permitted witnesses to state

that the defendant had control of the barn and other buildings. The way it was expressed by one or more of the witnesses, was that he supposed the defendant was in control of the barn. This supposition was in connection with the statement that the defendant kept his horses in the barn, and the fact that he was in control of the hotel. We do not think this was error. It was no more than to state that it appeared that defendant was in control. It, of course, is to be understood that it was not necessary to prove that the defendant was the owner, or even that he was a lessor under a formal lease. It is sufficient if he is shown to have been maintaining a nuisance, and the ownership, or even the rightful possession, of the property is not a material question.

V. It is said the evidence does not show that the crime was committed in Dickinson county. This objection is without merit. The record shows that the defendant's hotel is on Lake Okoboji, in Dickinson county. Even if the witnesses did not state in so many words that the hotel was in Dickinson county, yet there was other evidence as to its location with reference to the county seat, which was sufficient to require the jury to find that the place where the nuisance was maintained was within that county.

VI. One J. F. Ewen was a witness before the grand jury. His name was indorsed on the back of the indictment and in the minutes of his testimony as Frank Ewen. When he was called as a witness on the trial he answered to the name of J. F. Ewen. Objection was made to him as a witness because his name was not indorsed on the indictment. An examination of the witness showed that he was commonly known as Frank Ewen. The objection was properly overruled. The mere misnomer in respect to the Christian name of a witness

indorsed on the indictment will not prevent the state from using him on the trial, when his identity sufficiently appears from the facts. *State v. Stanley*, 33 Iowa, 526;. *State v. McComb*, 18 Iowa, 43.

VII. A number of objections are made to instructions to the jury, which demand no separate consideration. The whole body of the charge is in line with instructions given, and approved, in this state in cases of this kind, for more than a quarter of a century. And it is said that certain jurors were guilty of such misconduct as to vitiate the verdict. The complaint was founded upon affidavits, and there were counter-affidavits. The court decided that the charge of misconduct was not sustained. We think there was no error in this ruling, especially when it is considered that many of the acts of the jurors, which were complained of, inhered in the verdict, and, under familiar rules, were not ground for a new trial.

VIII. The court allowed an attorney's fee of sixty dollars to the attorney, for the prosecution. It is urged that this was excessive. It is stated, in the abstract of appellant, that no evidence was introduced on the question as to the amount of the attorney's fee, and this is not denied in appellee's abstract. Counsel for appellant claims that, under the statute, there being no evidence offered touching the reasonableness of the fee, the court should have fixed it at not more than twenty-five dollars. We discover no reason for fixing that limit. The fee is provided for by section 2388, McClain's Code, which authorizes "a reasonable attorney's fee, to be assessed by the court." In the absence of some showing that the fee allowed is excessive, we do not think we should retax it in this court. The judgment of the district court is AFFIRMED.