**STATE of Tennessee, Appellee,**

v.

**Randall Lynn BEALL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 5, 1986.

Permission to Appeal Dismissed by Supreme Court March 9, 1987.

---

\* The defendant entered a plea of guilty to improperly disposing of a body and was sentenced

---

William H. Poland, Poland & Poland, Clarksville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Albert L. Partee, III, Asst. Atty. Gen., Columbus Wade Bobo, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of murder in the first degree and sentenced to life imprisonment.\*

The issue raised in this appeal is whether the crime occurred in Tennessee or Kentucky and whether the trial judge properly instructed the jury on the law as to jurisdiction and venue.

The judgment is affirmed.

On September 9, 1984, the body of the defendant's wife was found in a remote area of Montgomery County. Her death was the result of a gunshot wound to the head.

The defendant admitted he killed his wife but testified the event took place in Kentucky.

In the course of the investigation of this case, the defendant told officers that he and his wife had driven from Parkersburg, West Virginia, toward Clarksville, Tennes-

to serve two years.

see, a trip of approximately thirteen hours. The defendant was a soldier stationed at Fort Campbell, and he lived at Clarksville.

The defendant and his wife had apparently had domestic difficulties which included an accusation of the woman's infidelity. The defendant told officers he shot his wife after they passed through Russellville, Kentucky. The town is between twenty and twenty-one miles from the Tennessee state line. The defendant gave officers a description of a business and a rest stop near the site of the shooting.

The defendant, accompanied by Tennessee and Kentucky officers, went into Logan County, Kentucky, where Russellville is located, so he could point out the place where he had shot his wife. The defendant was unable to locate the place he had described. At trial he said he had not been given enough time to locate the scene. He made much of the fact that the officers did not go farther north of Russellville. The officers testified they did not go farther north because the defendant said the shooting took place on the other side [south side] of town, which is in the direction of Tennessee.

The defendant described a convenience market with a gravel parking lot and gas pumps in front, a trailer parked at the side, and a church nearby.

A Kentucky state trooper, who had grown up in Logan County and had been stationed there approximately five years, testified there was no location in Logan County or the next Kentucky county which fit the description given by the defendant.

A Tennessee officer testified the description given by the defendant fit the description of a business located in Montgomery County, Tennessee, near the place the body was found.

In *Reynolds v. State,* 287 S.W.2d 15 (Tenn.1956), the Supreme Court held that the finding of a body in the county of trial created a presumption the killing occurred in that county and the jury could so find on the question of venue. Although the question raised in this matter is not one of venue in a particular county but one of territorial jurisdiction in Tennessee, we see no reason to hold that the finding of the body in Montgomery County, Tennessee, would not give rise to a presumption that the killing occurred in this state.

The defendant contends that such a presumption is invalid in this case because of his positive testimony that he shot his wife in Kentucky. The argument has validity only if his testimony is accepted as true in the face of evidence to the contrary. This, of course, is not the manner in which such issues are resolved.

Whether the defendant established the killing occurred in Kentucky or whether the killing occurred in Tennessee was a factual matter to be resolved by the jury after hearing all the testimony of the witnesses, weighing their credibility, and applying to the facts the law as given them by the trial judge.

The jury has accepted the state's theory on the location of the shooting and rejected the defendant's theory thereof. On the matter of territorial jurisdiction, the standard of proof is beyond a reasonable doubt, in contrast to a preponderance of the evidence on issues of venue, i.e., state to state as distinguished from county to county.

The trial judge correctly instructed the jury that in resolving whether the crime occurred in Tennessee they must be persuaded beyond a reasonable doubt from the evidence introduced on that issue.

The evidence in this case is sufficient for the jury to make such finding beyond a reasonable doubt.

We have examined the instruction of the trial judge on the issues of jurisdiction to try the case in this state and of the necessity of venue in Montgomery County. We find they reflect the law and were not erroneous.

O'BRIEN, J., and JAMES C. BEASLEY, Special Judge, concur.