72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lucy KILLEBREW, Petitioner-Appellant,
v.
Penny BERNHARDT, Respondent-Appellee.
 No. 94-6567.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Lucy Killebrew, a Tennessee prisoner who is represented by counsel, appeals a district court order denying her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 6, 1987, following a jury trial, Killebrew was convicted of first degree murder and was sentenced to life imprisonment. Killebrew's conviction was affirmed by the Tennessee Court of Criminal Appeals on July 21, 1988, and on November 7, 1988, the Tennessee Supreme Court denied Killebrew's application to appeal to that court.
 
 
 4
 Following additional state post-conviction efforts to overturn her conviction, Killebrew filed her petition for a writ of habeas corpus raising the following six claims: 1) ineffective assistance of appellate counsel; 2) insufficient evidence of venue; 3) erroneous denial of Killebrew's request for a pretrial line-up; 4) ineffective assistance of trial counsel; 5) insufficient evidence of guilt; and 6) denial of her right to a fair trial by the prosecution's withholding evidence.
 
 
 5
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied because Killebrew procedurally defaulted on claims one, three, and six above, and failed to establish cause and prejudice to excuse her procedural default. The magistrate judge also recommended denying the petition on the merits as to claims two, four, and five. Upon de novo review of the report and recommendation and Killebrew's objections, the district court adopted the report and recommendation in an order entered October 25, 1994.
 
 
 6
 Upon review, we conclude that the district court properly denied Killebrew's petition for a writ of habeas corpus as Killebrew was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 7
 Killebrew is procedurally barred from pursuing her claims about her lineup, the untimely disclosure of her letters by the prosecution, and the alleged ineffectiveness of her appellate counsel because the state invoked a procedural requirement. The last explained decision of record addressing Killebrew's claims about her lineup and the untimely disclosure of her letters, i.e., the Tennessee Court of Criminal Appeals, declined to address these claims because Killebrew failed to comply with Tenn.R.App.P. 27(a) and Tenn.Crim.App.R. 10(b). Consequently, Killebrew is barred from pursuing these claims on federal habeas review unless she can show cause and prejudice, or manifest injustice. See Coleman v. Thompson, 501 U.S. 722, 727-29 (1991); McCleskey v. Zant, 499 U.S. 467, 494 (1991).
 
 
 8
 Killebrew's claim about the alleged ineffectiveness of appellate counsel is barred because Killebrew did not present this claim to all levels of state court review and is now barred from presenting the claim in the state courts. See Tenn.Code Ann. Sec. 40-30-101. Because Killebrew is now barred from pursuing this claim in the state courts, she cannot present this claim for federal habeas review unless she can show cause and prejudice, or manifest injustice. See Coleman, 501 U.S. at 750; Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 9
 Killebrew has not demonstrated cause for her procedural default. Although ineffective assistance of counsel can be cause to excuse a procedural bar, such a claim must first be presented to the state courts before it can be used to establish cause for a procedural default. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986). Because Killebrew did not present her claim of the alleged ineffectiveness of her appellate counsel for counsel's failure to comply with Tennessee appellate rules before the Tennessee Court of Criminal Appeals in the post-conviction proceeding, she cannot present this claim as cause for any of her procedural defaults.
 
 
 10
 To the extent Killebrew alleges other acts of her counsel as cause for her state procedural default, the Supreme Court emphasized in Coleman that ordinary attorney error does not constitute cause unless it amounts to ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Coleman, 501 U.S. at 753-54. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 696.
 
 
 11
 Any omissions of Killebrew's counsel cannot be considered a justification for "cause." First, the selection of which issues to raise is allocated to counsel as a strategic decision. See Smith v. Murray, 477 U.S. 527, 536 (1986); Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Second, there is no Sixth Amendment right to counsel in state discretionary appeals and appeals of post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Therefore, any omission of a claim in the application for permission to appeal to the Tennessee Supreme Court on direct appeal or in a post-conviction proceeding cannot establish cause on habeas corpus review.
 
 
 12
 Killebrew has likewise not demonstrated that failure to review her defaulted claims would result in a fundamental miscarriage of justice. McCleskey, 499 U.S. at 494.
 
 
 13
 Killebrew's claim that the evidence was insufficient to support the conviction is without merit. The magistrate judge reviewed the state's proof and made detailed findings of fact which are set forth in the report and recommendation. An appellate court reviews federal district court findings of fact for clear error. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Pursuant to the 28 U.S.C. Sec. 2254(d) presumption of correctness, an appellate court gives deference to district and state court findings supported by the evidence. Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Carter, 5 F.3d at 978. Based on the findings of fact set forth in the report and recommendation, the evidence was amply sufficient to allow a rational jury to find Killebrew guilty of first degree murder. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 14
 Killebrew's argument that the evidence was insufficient to establish venue concerns a perceived error of state law which rarely serves as a basis for habeas corpus relief, and does so only when the petitioner is denied fundamental fairness in the trial process. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Killebrew has not demonstrated a denial of fundamental fairness. Nevertheless, the venue claim is meritless because the state's evidence established beyond a reasonable doubt that the victim's body was found in Sullivan County, more than sixteen miles within the Tennessee state line from Virginia. See Reynolds v. State, 286 S.W. 15, 16 (Tenn.1956); State v. Beall, 729 S.W.2d 270, 271 (Tenn.Crim.App.1986).
 
 
 15
 Finally, none of the alleged instances of ineffectiveness of trial counsel rise to a level of constitutional dimension. Strickland, 466 U.S. at 698.
 
 
 16
 Accordingly, the district court's order is affirmed.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation