IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2000 Session

**STATE OF TENNESSEE v. JOHN D. BROWN**

Appeal from the Criminal Court for McMinn County
No. 95-095    R. Steven Bebb, Judge

No. E1999-02217-CCA-R3-CD
December 18, 2000

JOSEPH M. TIPTON, J., concurring and dissenting.

I concur in the result reached and most of the reasoning in the majority opinion. I respectfully disagree, though, with its view of the state's requirement under Tenn. Code Ann. § 39-11-201(a)(4) to prove beyond a reasonable doubt that the offenses were committed before the return of the formal charge. I believe that such timing was sufficiently proven.

I note that the requirement provided in Tenn. Code Ann. § 39-11-201(a)(4) is rooted in the common law and in the historical practice in the Tennessee trial courts. Also, I believe that it deals with an issue of jurisdiction even though the standard of proof is beyond a reasonable doubt.

At common law, the indictment was required to allege that the offense occurred before the indictment's return. Failure to do so rendered the indictment a nullity. See 1 Joel Prentiss Bishop, New Criminal Procedure, § 400, at 246 (4th ed. 1895). In other words, the allegation is a jurisdictional prerequisite to the court's proceeding with the case. This requirement has been codified in Tennessee since, at least, 1858. See King v. State, 50 Tenn. 148 (1871); Tenn. Code Ann. § 40-13-207.

Similarly at common law, the state was required at trial to prove beyond a reasonable doubt that the offense occurred before the return of the indictment. See 1 Bishop, supra, § 400, at 246; Armistead v. State, 43 Ala. 340 (1869); State v. Johnson, 69 Iowa 623, 29 N.W. 754 (1886). In this respect, it appears that as a matter of historical practice, Tennessee juries were instructed in murder cases in the nature of the following regarding the presumption of innocence and the burden of proof:

You enter upon this investigation with the presumption that the defendant was not guilty of any crime and this presumption stands as a witness for him until it is rebutted and overturned by competent and credible proof.

It is therefore incumbent upon the State, before you can convict the defendant, to establish, to your satisfaction, beyond a reasonable doubt–

(1) What the law calls the corpus delicti, the body of the crime; that is, that [the deceased] has been killed.

(2) The venue; that is, that he was killed in the County of ___ , and State of Tennessee, and before the finding of the indictment.

(3) That the defendant killed him, and that the killing was done in such manner, by such means, and under such circumstances as would make him guilty under the law of some one of the grades of felonious homicides heretofore defined and explained to you.

Arterburn v. State, 216 Tenn. 240, 257, 391 S.W.2d 648, 656 (1965) (emphasis added); see also, e.g., W. J. Smith, Tennessee Jury Instructions: Criminal Cases, 28, 92, 133 (1965).  The underlined portion dealt with venue, territorial jurisdiction, and personal case jurisdiction in one short passage with each to be proven beyond a reasonable doubt.  Such a standard of proof for these judicial facts, including venue, originated in the English common law.  See 1 Bishop, supra, § 384, at 234-35.

Interestingly, the instruction became the accepted practice even though venue had been determined in Tennessee to require only proof by a preponderance of the evidence.  See Norris v. State, 127 Tenn. 437, 439-40, 155 S.W. 165, 165-66 (1913) (concluding that venue is not an element of the crime charged and, being a matter of jurisdiction, must only be proved by a preponderance of the evidence).  In fact, the following instruction was an option provided by the Committee on Pattern Jury Instructions until 1992:

The state must prove beyond a reasonable doubt all of the elements of the crime charged, that the crime, if in fact committed, was committed by this defendant in ___ County, Tennessee, and that it was committed before the finding and returning of the indictment in this case.

T.P.I.–CRIM. 2.04 (2d ed. 1988).  The Committee Comments reflect that the Committee chose to include venue in this instruction "in conformity with the traditional manner in which this question is charged in Tennessee."

In contrast to venue, the standard for proving territorial jurisdiction – that the offense occurred in the state of Tennessee – was viewed to be beyond a reasonable doubt.  See State v. Beall, 729 S.W.2d 270, 271 (Tenn. Crim. App. 1986).  Thus, two material facts that are essentially jurisdictional in nature, i.e., the offense occurring in the state of Tennessee and before the return of the charging instrument, were required to be proven beyond a reasonable doubt while a third fact of a jurisdictional nature, i.e., venue, was required to be proven by a preponderance of the evidence – because of its jurisdictional nature.  Norris, 127 Tenn. at 440, 155 S.W. at 166.

The enactment of Tenn. Code Ann. § 39-11-201 in 1989 codified the common law burden of proof for showing that the offense was committed before the return of the charging instrument, but it also states the following:

(f) If the issue is raised in defense, no person shall be convicted of an offense unless jurisdiction and the commission of the offense within the time period specified in title 40, chapter 2, are proven by a preponderance of the evidence.

The Sentencing Commission Comments state:

Subsection (f) states that jurisdiction and time limitations need be proven only in cases where those issues are raised by the defendant. Once these issues are raised, the state must prove proper jurisdiction and timely prosecution by a preponderance of the evidence.

Thus, the statute may well have made the standard for proving territorial jurisdiction to be that of preponderance of the evidence. In other words, we now have the jurisdictional facts of venue and territory being proved by a preponderance of the evidence.

In any event, the initial point to be made is that even assuming that the majority opinion's view of the evidence is correct, the failure to prove beyond a reasonable doubt that the offenses occurred before the return of the indictment would only be a jurisdictional deficiency rendering the case a nullity. This means under Tennessee law that no double jeopardy bar exists to the defendant's retrial. See, e.g., State v. Campbell, 641 S.W. 890, 893 (Tenn. 1982) (holding that a void prosecution provides no constitutional bar to reprosecution); Kelly v. State, 202 Tenn. 660, 308 S.W.2d 415 (1957) (remanding case for new trial upon determining that state failed to prove venue). In this respect, I do not believe that the statute elevates this jurisdictional requirement to a level equivalent to a material element of the offense charged for double jeopardy purposes.

As for the circumstances in the present case, the concerns of the majority opinion would have been dispelled if the trial court and the prosecutor had relied upon the historical practice of reading the indictment to the jury. See Caruthers' History of a Lawsuit, § 740, at 893 (Sam B. Gilreath & Bobby R. Alderholt eds., 8th ed. 1963), § 681, at 666 (Sam B. Gilreath ed., 6th ed. 1937). This would have advised the jury of the date of the return of the indictment in relation to the allegations regarding the time of the offense. In fact, given the proof requirements placed upon the state in criminal cases, I would view the reading of the indictment ordinarily to be a necessary procedure, not merely a preferred one.

On the other hand, I believe the evidence in the present case sufficiently shows that the offenses were committed before the return of the indictment. The evidence reflects that the victim was killed on or about July 10, 1994. The defendant and others testified that the victim's body was found on July 27, 1994, during the execution of a search warrant on the defendant's property. The defendant also acknowledged that he was charged with the murder about a week after his property

was searched.  I believe that the jury could easily find from this evidence that the murder occurred before a formal charge was brought, even though the jury may not have been shown the exact date the indictment was returned.  Therefore, I would conclude that jurisdiction existed for the trial court to try the defendant and impose a judgment in this case.  Otherwise, as previously stated, I join in the reversal of the convictions and the remand of the case for a new trial.

_____
JOSEPH M. TIPTON, JUDGE