# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

October 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **LUCY KILLEBREW,** | * | C.C.A. # 03C01-9809-CR-00320 |
| Appellant, | * | SULLIVAN COUNTY |
| VS. | * | Honorable Lynn W. Brown, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction--First Degree Murder) |
| Appellee. | * | |

FOR THE APPELLANT:

LUCY KILLEBREW
Pro Se
SNF-7A, #117005
7575 Cockrill Bend Ind. Road
Nashville, TN 37209-1057

FOR THE APPELLEE:

MICHAEL E. MOORE
Solicitor General

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

H. GREELEY WELLS, JR.
District Attorney General

BARRY P. STAUBUS
Assistant District Attorney
140 Blountville Bypass
Blountville, TN 37617-0526

OPINION FILED: _____

**DISMISSED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, Lucy Killebrew, appeals from the Sullivan County Criminal Court's denial of her motion to reopen her 1989 post-conviction relief petition. We conclude that the petitioner did not comply with the requirements of Tennessee Code Annotated § 40-30-217(c) in pursuing an appeal from the denial of her motion to reopen. Therefore, this appeal is not properly before this Court and we dismiss this appeal.

## PROCEDURAL HISTORY

The petitioner was found guilty by a Sullivan County jury on April 10, 1987, of First Degree Murder. She received a sentence of life in prison. Her conviction was affirmed on direct appeal. See State v. Killebrew, 760 S.W.2d 228, 231, n.10 (Tenn. Crim. App. 1988). Subsequently, she filed a petition for post-conviction relief in 1989. The trial court denied her petition for post-conviction relief and a panel of this Court affirmed the trial court's denial. See Lucy Killebrew v. State, No. 941 (Tenn. Crim. App. filed January 11, 1991, at Knoxville). Later, the petitioner pursued habeas corpus relief. See Killebrew v. Bernhardt, 72 F. 3d 129 (6th Cir. 1995) (unpublished table decision).

The petitioner filed this motion to reopen her 1989 post-conviction relief petition in the Sullivan County Criminal Court on August 14, 1998. The Motion to Reopen was filed as a verified petition but lacked any supporting documents or affidavits. The Sullivan County Criminal Court denied and dismissed the petitioner's Motion to Reopen by Order entered August 28, 1998. On September 14, 1998, the petitioner filed a "Notice of Appeal" containing the following language:

> Respectfully, the petitioner, Lucy Killebrew, hereby gives Notice of Appeal of this Court's Order, dated September 1, 1998, received by her on September 3, 1998, denying her Motion to reopen a post-conviction petition, appealed to the Tennessee Court of Criminal Appeals at Knoxville.

Later the petitioner filed a pro se brief with this Court submitting the following issues for review:

(1) Whether or not the trial court abused its discretion by dismissing the Motion to Reopen when the ground alleged recent discovery of scientific, exculpatory evidence of the appellant's actual innocence, that was withheld by the prosecution at trial;

(2) Whether or not the trial court abused its discretion by dismissing the Motion to Reopen when the ground alleged actual innocence of the appellant without appointment of counsel and holding of an evidentiary hearing to allow appellant the chance to offer evidence of a constitutional claim.

## ANALYSIS

Tennessee Code Annotated § 40-30-217 explains "Motion to Reopen" as created by the Post-Conviction Procedure Act of 1995. Tennessee Code Annotated § 40-30-217(c) sets forth the proper procedure for appealing the denial of a motion to reopen a prior petition for post-conviction relief to this Court. It provides as follows:

(1) If the motions is denied, the petitioner shall have ten (10) days to file an application in the Court of Criminal Appeals seeking permission to appeal. The application shall be accompanied by copies of all documents filed by both parties in trial court and the order denying the motion. The state shall have ten (10) days to respond.

This provision does not provide for an appeal as of right pursuant to Rule 3 of the Tennessee rules of Appellate Procedure from the denial of a Motion to Reopen. An appeal as of right "does not require permission of the trial or appellate court as a prerequisite to taking an appeal." Tenn. R. App. P. 3(d). By the explicit provision of Tennessee Code Annotated § 40-30-217(c), however, an appeal to this Court from a denial of a motion to reopen requires that the petitioner seek permission to appeal. This was not done in the case at bar. The petitioner merely filed a Notice of Appeal with the clerk of the trial court as if she were appealing pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. See Tenn. R. App. P. 3(c). The entire language of the petitioner's notice of appeal is set out above.

This petitioner did not file an application with this Court seeking permission to appeal, did not include copies of all the documents filed by both parties in the trial court, and did not include the order denying the motion. The petitioner's failure to comply with the requirements of Tennessee Code Annotated § 40-30-217(c) in pursuing this appeal leads us to conclude that this appeal is not properly before this Court.

## CONCLUSION

In accordance with the above, we must dismiss this appeal.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JAMES CURWOOD WITT, JR., Judge

_____
ALAN E. GLENN, Judge

-4-