IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2019

**RICHARD WILLIAMS v. TONY MAYS, WARDEN**

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1662     Angelita Blackshear Dalton, Judge**

**No. M2018-01980-CCA-R3-HC**

The Petitioner, Richard Williams, appeals from the Davidson County Criminal Court's dismissal of his petition for a writ of habeas corpus from his 2004 conviction for second degree murder and his twenty-five-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Richard Williams, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The record reflects that on April 5, 2004, the Petitioner pleaded guilty to second degree murder and received a twenty-five-year sentence. In 2008, the Petitioner unsuccessfully sought habeas corpus relief on the basis that trial counsel provided ineffective assistance. *See Richard L. Williams v. Roland Colson, Warden, and State*, No. M2008-01822-CCA-R3-HC, 2009 WL 10666575 (Tenn. Crim. App. Mar. 20, 2009) (mem.). He later unsuccessfully sought post-conviction relief on the grounds that he received the ineffective assistance of trial counsel and that his guilty plea was involuntary. *See Richard L. Williams v. State*, No. M2009-01016-CCA-R3-PC, 2011 WL 5578985 (Tenn. Crim. App. Nov. 16, 2011), *perm. app. denied* (Tenn. Feb. 17, 2012). On August 17, 2018, the Petitioner filed the instant petition for a writ of habeas corpus. He attached the guilty plea hearing transcript to his petition and argued that Tennessee lacked territorial jurisdiction to prosecute this case because the offense occurred in Kentucky. The habeas corpus court

summarily dismissed the petition on the basis that the Petitioner failed to state a cognizable claim for relief. This appeal followed.

The Petitioner contends that the habeas corpus court erred by dismissing his petition because the trial court lacked territorial jurisdiction. He argues that the guilty plea hearing transcript shows that the offense was committed in Kentucky, depriving Tennessee of territorial jurisdiction. The State responds that the habeas corpus court did not err by summarily denying relief. We agree with the State.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Tennessee Code Annotated Section 39-11-103(b)(1) (2018) states, "When an offense is commenced outside of this state and consummated in this state, the person committing the offense is liable for punishment in this state in the county in which the offense was consummated, unless otherwise provided by statute." Our supreme court has determined that, in a prosecution for a murder, "there must be a presumption . . . , rebuttable in character, that the crime was committed where the body was found." *Reynolds v. State*, 287 S.W.2d 15, 16 (Tenn. 1956); *see State v. Trusty*, 326 S.W.3d 582, 599-601 (Tenn. Crim. App. 2010); *State v. Beall*, 729 S.W.2d 270, 271 (Tenn. Crim. App. 1986).

The guilty plea hearing transcript reflects that the Petitioner and the victim, the Petitioner's wife, lived in Louisville, Kentucky. On June 9, 2003, the victim's remains were

found in the trunk of her car, which had been parked in a vacant lot in Davidson County, and evidence showed that someone had attempted to set the car and the victim on fire. On June 3, the Petitioner traveled by bus from Nashville, Tennessee, to Louisville, Kentucky. During his police interview, the Petitioner admitted that he and the victim had a physical altercation, that he pushed the victim, and that "she fell on the street," attempted to get inside her car, and collapsed. The Petitioner told the police that he drove the car south toward Nashville, that he noticed the victim was "breathing funny," that he was going to take her to the hospital, and that she died before he "was able to do so." The Petitioner did not explain why he placed the victim in the trunk of the car and attempted to set it on fire. The victim's cause of death was strangulation.

The Petitioner concedes in his appellate brief that the victim's body was found in Davidson County. Because the victim's body was found in Davidson County, the presumption is that the homicide occurred in Tennessee. The Petitioner did not object to the State's factual recitation at the guilty plea hearing, and the record does not contain evidence to the contrary. *See State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000) ("[W]e hold that when a judgment of conviction is alleged to be void for want of territorial jurisdiction, that fact must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court.").

In *Ritchie*, our supreme court discussed the public policy for courts to "be extremely reluctant to hear jurisdictional challenges" in a petition for a writ of habeas corpus. *Ritchie*, 20 S.W.3d at 632. The court noted that public policy dictates that a petitioner should not be permitted to use a writ of habeas corpus to present a territorial jurisdiction claim when the petitioner "intentionally withhold[s] the defense . . . until a more favorable forum in a habeas corpus proceeding could be found." *Id.*; *see Commonwealth v. Firestone*, 385 A.2d 489, 492 (Pa. 1978). In the post-conviction proceedings, the Petitioner alleged that trial counsel provided ineffective assistance by failing to challenge the trial court's jurisdiction. *See Richard L. Williams*, 2011 WL 5578985, at *9-10. Counsel testified that he and the Petitioner discussed whether to challenge Tennessee's jurisdiction, that counsel's investigation showed Kentucky would have likely indicted the Petitioner if the defense successfully challenged Tennessee's territorial jurisdiction, and that counsel was advised by the Louisville Public Defender's Office that the prosecution was more likely to seek the death penalty. *Id.* at *5. This court affirmed the post-conviction court's determination that counsel's failure to challenge the territorial jurisdiction was a tactical decision based upon strategy. *Id.* at *10.

Therefore, we conclude that the habeas corpus court did not err by summarily dismissing the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE