# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1997

FILED

July 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9604-CC-00151 |
| | ) | |
| Appellee, | ) | COCKE COUNTY |
| | ) | |
| | ) | |
| V. | ) | HON. BEN W. HOOPER, II, |
| | ) | JUDGE |
| CLINTON DARRELL TURNER, | ) | |
| | ) | (DUI; DRIVING WHILE |
| Appellant. | ) | LICENSE SUSPENDED) |

FOR THE APPELLANT:

**EDWARD CANTRELL MILLER**
District Public Defender

**SUSANNA LAWS THOMAS**
Assistant Public Defender
102 Mims Avenue
Newport, TN  37821-3614

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

**ALFRED C. SCHMUTZER, JR.**
District Attorney General

**JAMES BRUCE DUNN**
Assistant District Attorney General
339A East Main Street
Newport, TN  37821

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# <u>OPINION</u>

The Defendant, Clinton Darrell Turner, appeals as of right his conviction and sentence for DUI. Following a jury trial, the Defendant was convicted of driving a motor vehicle while under the influence of an intoxicant and driving on a revoked license in the Cocke County Circuit Court. The trial court sentenced the Defendant to eleven (11) months and twenty-nine (29) days on the charge of driving while under the influence and six months for the charge of driving on a revoked license. The sentences were ordered to be served concurrently. The trial court suspended the entire sentence for the conviction of driving on a revoked license. On the DUI, the Defendant was ordered to serve seven days in jail with the balance to be served on probation. In addition to challenging the sufficiency of the evidence, Defendant also argues the trial court erred by allowing an officer to testify as to field sobriety tests when the officer was not trained to administer those tests. The last issue the Defendant raises is that the trial court erred by sentencing him to serve seven days rather than the two (2) day minimum provided by law. We affirm the judgment of the trial court.

## SUFFICIENCY OF THE EVIDENCE

Defendant first challenges the sufficiency of the evidence. When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319

(1979). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476. Any questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835.

Officer Bennie Shelton of the Cocke County Sheriff's Department was the State's only witness at trial. The Defendant presented no proof. Officer Shelton testified that on July 15, 1994 at 1:30 a.m., he was on patrol and observed the Defendant's car traveling down Asheville Highway. The Defendant's car headlights were not on, and, while the car was not a convertible, it had no top. After Officer Shelton pulled behind the vehicle with his blue lights on, the Defendant pulled over to the side of the road. He approached the driver's side and found the Defendant to have bloodshot eyes. When he asked Defendant for his license, Officer Shelton noticed that his speech was somewhat slurred in

response. Defendant failed to produce his license. Shelton asked Defendant to get out of his car, and the Defendant then told him he did not have a license. When the Defendant exited his car, Shelton observed that he was walking off-balance. A computer check indicated that Defendant's license had been revoked.

Officer Shelton administered three separate field sobriety tests, including the horizontal gaze nystagmus, recitation of ABC's, and the finger to nose tests. While the Defendant did follow his directions, he was unable to completely follow the pen during the horizontal gaze nystagmus test without moving his head. During his recitation of the ABC's, he left out some letters and his speech was notably slurred. When the Defendant tried to perform the finger to nose test, he was only able to touch his top lip. Defendant's performance on these tests, in addition to the smell of alcohol about the Defendant, his slurred speech, bloodshot eyes, and driving with no headlights, indicated to Officer Shelton that the Defendant was impaired by an intoxicant. Furthermore, the Officer observed an empty liquor bottle in the Defendant's car, and the Defendant stated that he had just left a local bar, The Brown House, where he drank some alcoholic beverages. Based upon all these observations, Officer Shelton determined that Defendant was operating a motor vehicle while under the influence of intoxicants and arrested him. Defendant subsequently refused to submit to a breath alcohol test.

Officer Shelton admitted on cross-examination that he was not formally trained in the administration of the horizontal gaze nystagmus test or the finger to nose test. He had observed state troopers administer the horizontal gaze

nystagmus test. He added that he was aware of what would be "normal" in a performance of the "recitation of ABC" test and the "finger to nose" test. Officer Shelton also added that he had made many prior arrests for DUI in the previous seven years service as a law enforcement officer.

Defendant was convicted of driving while under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401(a). At the time of the offense this statute provided that, "It is unlawful for any person . . . to drive . . . any automobile . . . on any of the public roads or highways of the state of Tennessee . . . while under the influence of an intoxicant . . ." Tenn. Code Ann. § 55-10-401. The record in this case demonstrates that the Defendant was driving his car on a Tennessee highway while under the influence of an intoxicant. This is shown by the Defendant's slurred speech, unsteady gait, bloodshot eyes, smell of alcohol, and driving without the use of his headlights at 1:30 a.m. on Asheville Highway. In addition, the Defendant's performance on the field sobriety tests indicated his guilt. Defendant also admitted to the Officer that he had been drinking. Based upon the standard of review for this Court, there was more than sufficient evidence for a rational trier of fact to determine that Defendant was driving while under the influence of alcohol. This Court has long held that circumstantial evidence alone is sufficient to establish the elements necessary to sustain a conviction for DUI. See, e.g. Hopson v. State, 201 Tenn. 337, 299 S.W.2d 11 (1957); Farmer v. State, 208 Tenn. 75, 343 S.W.2d 895 (1961); Hardin v. State, 210 Tenn. 116, 355 S.W.2d 105 (1962); State v. Gilbert, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). While Defendant argues that the State should be required to prove its case by more than Officer Shelton's testimony, there is

clearly no such requirement under Tennessee law. State v. Vasser, 870 S.W.2d 543, 544 (Tenn. Crim. App. 1993). There is no merit to this issue.

TESTIMONY OF OFFICER SHELTON

Defendant argues that the trial court erred in allowing Officer Shelton to testify regarding his opinion that the Defendant was impaired. At trial, Defendant failed to timely object to Officer Shelton's competence as a witness regarding Defendant's impairment and his subsequent opinion as to Defendant's intoxication. The trial court overruled Defendant's later objection on that basis. Failure to make a contemporaneous objection normally waives consideration by this court of the issue on appeal. See T.R.A.P. 36(a); Teague v. State, 772 S.W.2d 915, 926 (Tenn. Crim. App. 1988), perm. to appeal denied, id. (Tenn. 1989); State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1988). Defendant did object during cross-examination, but then failed to make a motion to strike any of the testimony of Officer Shelton. Such failure by the Defendant constitutes waiver of this evidentiary issue. See State v. Pilkey, 776 S.W.2d 943, 952 (Tenn. 1989) cert. denied, 108 L.Ed. 646 (1990). In any event we are unaware of any case law that requires expert testimony to establish proof regarding the field sobriety tests which are known as the "finger to nose" and "recitation of ABC's" tests. In fact, in State v. Gilbert, 751

-6-

S.W.2d 454, 459 (Tenn. Crim. App. 1988) this court held that in general field sobriety tests are not "scientific tests" and that the admissibility of the results of such tests are not to be governed by rules pertaining to the admission of scientific evidence.

Notwithstanding the failure of Defendant's counsel to object or move to strike Officer Shelton's testimony, any such error by the trial court was harmless error. We agree that Officer Shelton should not have been permitted to testify regarding the horizontal gaze nystagmus (HGN) test upon proper objection being made. He testified that he lacked formal training in the HGN test. We feel the horizontal gaze nystagmus test is scientific evidence, and, accordingly, the proof regarding the test should be admitted with a sufficient foundation laid by expert testimony. See State v. Cora Murphy, No. 01S01-9602-CC-00035, Davidson County (Tenn. Crim. App., at Nashville, filed October 6, 1995) perm. to appeal granted (Tenn. 1996). We acknowledge other panels of this Court disagree with this conclusion. This issue is presently pending in the Tennessee Supreme Court. Regardless, there was more than sufficient evidence for a rational trier of fact to find the Defendant guilty of driving a motor vehicle while under the influence of alcohol even without the testimony regarding the HGN test. State v. Ronnie Kirk, No. 02C01-9309-CC-00215, Chester County (Tenn. Crim. App., at Jackson, filed October 12, 1994) (No Rule 11 application filed). Any error in allowing any of that testimony was harmless beyond a reasonable doubt. This issue is without merit.

SENTENCE

Defendant argues that the trial court erred in sentencing him to serve seven days in prison, rather than the two-day mandatory minimum sentence. The misdemeanant, unlike a felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Under Tennessee Code Annotated section 55-10-403, a person convicted of driving a motor vehicle while under the influence of an intoxicant must be confined for not less than forty-eight (48) hours nor more than eleven (11) months and twenty-nine (29) days. This statute, in effect, mandates a maximum sentence for DUI, with the trial court's only function to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. State v. Kerry Combs, No. 03C01-9409-CR-00314, Greene County (Tenn. Crim. App., at Knoxville, filed September 9, 1996), perm. to appeal denied (Tenn. 1997).

A challenge as to the length, range or manner of service of a sentence requires this Court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct so long as the record demonstrates that the trial court properly considered relevant sentencing principles. Tenn. Code Ann. § 40-35-401(d); State v. Ashby, 823 S.W.2d 166 (Tenn. 1991). In conducting a *de novo* review this Court must weigh the evidence received at trial and sentencing hearing, the pre-sentence report, statutory principles for sentencing, counsel's arguments regarding sentencing

alternatives, the criminal conduct and its nature, mitigating and enhancing factors, the defendant's statement, and the defendant's potential for rehabilitation or treatment. Ashby, 823 S.W.2d at 169. The record reflects that the trial judge failed to follow the sentencing principles of Ashby and, therefore, there is no presumption of correctness. However, upon review of the record we find no reversible error in the sentencing of Defendant.

While no presentence report was completed, the Defendant asserts that he had no prior criminal record and that there were no enhancement factors applicable to his offense. The record fails to reflect that the trial judge found any enhancement or mitigating factors. The record does reflect that the circumstances of the offense were serious in that the Defendant was driving along a state highway without his lights on at 1:30 a.m. In his statement to the trial court, Defendant admitted to having driven numerous times while his license was revoked. Such acts were in knowing violation of the law. In consideration of the above, we cannot conclude that the trial court erred in ordering a sentence which was greater than the minimum forty-eight (48) hours mandated by the statute. See State v. Warner D. Brannon, C.C.A. 03C01-9508-CR-00233, Knox County (Tenn. Crim. App. at Knoxville, filed April 3, 1996), perm. to appeal denied (Tenn. 1996).

The judgment of the trial court is therefore affirmed.


_____
THOMAS T. WOODALL, Judge


CONCUR:



_____
JOSEPH M. TIPTON, Judge



_____
JERRY L. SMITH, Judge