IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 4, 2009

## STATE OF TENNESSEE v. WILLIAM J. JOHNSON

**Direct Appeal from the Circuit Court for Marshall County**
**No. 08-CR-42    Robert Crigler, Judge**

---

**No. M2009-00487-CCA-R3-CD - Filed October 2, 2009**

---

The defendant, William J. Johnson, appeals his convictions and sentences for violation of habitual motor vehicle offender status, driving under the influence fifth offense, and driving while license revoked fourth offense. The defendant claims that the evidence was insufficient to support his convictions and that his effective twelve-year sentence was excessive. We affirm the convictions and sentences imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Donna Orr Hargrove, District Public Defender, and Michael J. Collins, Assistant Public Defender, for the appellant, William J. Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was tried before a jury and found guilty as charged in the indictments. Officer Steve Sanders testified that, while on patrol on the night of February 3, 2008, he observed the defendant in a brown Chevrolet Impala as it lingered at a stop sign on Mooresville Highway in Lewisburg, Tennessee. The officer followed the vehicle and observed the vehicle cross the center divider of a four-lane road on separate occasions. The officer testified that the speed of the defendant's vehicle fluctuated between twenty and forty miles per hour on three occasions. The officer stopped the defendant after observing his vehicle cross a double yellow line. After asking the defendant to open his car door because the driver's side widow was covered with a garbage bag, the officer immediately noticed an odor of alcohol coming from the defendant. The defendant indicated he had no license with him. When asked to exit the vehicle, the defendant stumbled. The

officer testified the defendant was unable to successfully perform three field sobriety tests - heel to toe, the one-leg stand, and Romberg.[1]

The defendant was arrested and submitted to a breath alcohol test, which registered .21. The defendant's driver's license had been revoked, and he was on revoked status at the time he was driving. Pursuant to a court order entered in 1997, the defendant had also been declared a habitual motor vehicle offender.

The defendant testified and confirmed his history of prior convictions for driving under the influence (DUI) and his conviction for driving after being declared a habitual motor vehicle offender. He said he was coming down with a cold and had been given a "hot Toddy" for relief, but he denied any knowledge that the drink contained alcohol. He admitted that he "felt kind of funny" after consuming the "hot Toddy" and a bottle of Robitussin cough syrup. He claimed to be unfamiliar with Lewisburg. He said he was unaware of his habitual motor vehicle offender status because his last DUI conviction resulted in probation. He acknowledged that he had not obtained a driver's license.

Analysis

On appeal, the defendant contends that the evidence was insufficient to support his convictions because the evidence did not demonstrate that he knowingly violated the statutes. However, the statutes do not require a showing of a specific intent to commit the violations.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence.

---

[1] It was explained that Romberg is feet together, arms to your side, slightly tilt your head back, and close your eyes. The officer would then observe one's balance for thirty seconds.

*Id.* In *State v. Grace*, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

A person commits the offense of driving under the influence of an intoxicant when he drives an automobile while under the influence of an intoxicant. T.C.A. § 55-10-401; *Hopson v. State*, 299 S.W.2d 11 (Tenn. 1957). The statute imposes strict liability without reference to a culpable mental state. *See State v. Turner*, 953 S.W.2d 213, 216 (Tenn. Crim. App. 1996). A person who drives or operates a motor vehicle after having been declared a habitual motor vehicle offender commits a Class E felony. T.C.A. § 55-10-616.

The defendant acknowledged that he consumed an intoxicant before he drove. He told the officer that he drank a "hot toddy" for a cold. The officer testified that the defendant smelled of alcohol when he stopped him and that the defendant was unable to complete three sobriety tests at the scene. Further, his blood alcohol content registered a .21%, which is more than two and one-half times the level of presumed intoxication.

The defendant's license had been revoked, and, pursuant to a 1997 court order, he was determined to be a habitual motor vehicle offender. The defendant acknowledged that he had not obtained a valid license after being declared a habitual offender. The record reflects that the evidence was sufficient to support the defendant's convictions.

Next, the defendant argues that he was sentenced improperly. Specifically, he contends that his sentences should have been ordered to run concurrently. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). The burden is upon the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments.

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tennessee Code Annotated section 40-35-115(b)(4). *State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tennessee Code Annotated section 40-35-115(b). *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the

length of the sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002) (citing T.C.A. §§ 40-35-102(1) and -103(2)).

Here, the defendant was convicted of two Class E felonies to serve as a career offender. His record indicated that between his being declared a habitual motor vehicle offender and the instant convictions, the defendant had multiple driving convictions. In addition, he previously violated his probation by committing an aggravated assault. The trial court determined that the defendant's prior criminal history warranted consecutive sentences and that the twelve-year sentence was reasonably related to the defendant's repeated decisions to engage in criminal conduct. We conclude the trial court did not err in ordering the sentences to be served consecutively. The aggregate sentence was justly deserved in relation to the seriousness of the offenses and was not greater than that deserved. This issue is without merit.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE